The State v. Johnson.

## The State v. Martin Johnson.

Although the Court may not possess the power to fill a vacancy in the office of District Attorney, or to invest any one with the right to claim the privileges and emoluments of that office, yet it does possess the power, in the absence of that officer, to appoint an attorney to represent the State ; and it constitutes no objection to an indictment, that it was signed and presented to the grand jury by an attorney thus appointed.

Appeal from Smith. Indictment for playing cards, &c. The State was represented by B. T. Selman, an attorney appointed by the Court, in the absence of the District Attorney, and the indictment was signed by him acting under the appointment of the Court, as District Attorney *pro tem.* The defendant pleaded in abatement, that at the date of the presentment and finding of the indictment, David W. Fields was regularly elected and commissioned District Attorney for the sixth judicial District, and that B. T. Selman never was, he is informed and believes, authorized by any legal or competent authority to act as District Attorney in the place or stead of the said David W. Fields as District Attorney *pro tem*, and that the said appointment of the said B. T. Selman as District Attorney was made during the term of office of the said David

W. Fields. Wherefore, &c., The State excepted to the plea, the exception was overruled, the indictment quashed ; and the State appealed.

*Attorney General*, for appellant. In the absence of even a tolerable law library, we decline discussing the power of the District Court to make such an appointment, to prevent a failure of justice in the due administration of the criminal law, so necessary to the peace and good order of society, and so essential even to the existence and successful progress of the Court itself. For the same reason we will not now consider the degree of effect which ought to be allowed to the acts of an officer thus constituted, as being those of an officer *de facto*, especially sanctioned as these appointments and the acts under them have been by the bar and the bench, since the formation of the Republic. But, admitting that the signature of the person acting as District Attorney, is of no effect whatever, is the plea in abatement, or ought it to have been, effectual to quash the indictment ?

The elementary writers on the Criminal Law, in defining an indictment and stating the manner in which it is prepared and found, generally say, among other things, that it is preferred to the grand jury, without at all insisting, that the signature of the prosecuting officer or its being "preferred" by him is essential to its validity. In truth, in England the bill of indictment was usually prepared, i. e., written out by the Clerk of Arraigns ; and those writers no where inform us what the prosecuting officer did (what act or acts) in "preferring" it to the grand jury. We suppose nothing but the mere formality of presenting it to them for their consideration and return. This return, however, (of *billa vera*, signed by their foreman and presented by them, in a body, in open Court,) all agree, was essential to the validity of an indictment, and is what distinguishes it from a mere bill of the same facts, and constitutes it an authentic charge which the defendant is bound to answer. It is the grand jury, who by their number, their qualifications

and probable knowledge of men and their motives and actions and nature, and their sense of the rights of their fellow citizens, in which they themselves participate, who afford to parties accused of offences, the best guaranty, the one, at least, intended by our judicial system, against false, groundless, unjust or frivolous charges; and therefore all agree that defendants to indictments have a right to exact, as essential to their validity, that the grand juries who find them should be properly summoned, selected, empannelled, sworn and charged as to their duties; should have the requisite qualifications, and should make the proper return of the charges. But the writers and the legislators who treat largely of the constitution and action of grand juries, speak in very general and limited terms of the participation of government counsel in the preparation and finding of indictments, regarding the affirmative action of the former, as absolutely essential to their validity, while the duties of the latter are treated as merely directory. Indeed it would seem, upon principle, that the government alone is interested in the due preparation of indictments; for as to defendants, the worse they are prepared the better for them. These views are fairly deducible from the general principles laid down by Chitty and Archbold, in their treatises on the Criminal Law, and by Blackstone in his commentaries, when treating of the preparation and finding of indictments.

But Mr. Wharton, in his American Criminal Law, seems to dissent from them, to some extent, if not wholly. He leaves it doubtful whether or not the prosecuting officer must not sign an indictment, to render it valid, but is entirely certain that it must be "preferred" by him to be good. (p. 122.)

The proposition which he considers doubtful, we will not discuss; because his doubt is sustained by no authority and is at war with principle. But we will briefly consider his doctrine that an indictment must be preferred by the Government Attorney. We have seen that it is not the doctrine, nor sustained by any principle of the doctrine, of the English writers on the subject. Indeed it seems to be the plan of his work, to

deduce his conclusions of principles from the American adjudicated cases; and the only authorities he cites as the basis of the opinion in question are an early case decided in North Carolina and another in Tennessee. Other Tennessee adjudications, and one from Mississippi, are cited by the counsel for the appellant, in the case of Epps v. The State, in support of the same doctrine, (which are not now accessible to us,) and these and other cases from the same States, are probably all that can be found to support this position, in Europe or America. We are fortunately able to account, by statutory provisions in Tennessee, for its annunciation by the Courts of that State; and entertain no doubt that the same provisions once prevailed in North Carolina, from the fact that Tennessee borrowed all her early legislation from North Carolina, whose daughter she was. It is known to us, also, that Mississippi had similar statutory provisions. The Tennessee Statute to which we allude was enacted in 1801, and is to be found at chap. 30, Scott's Edition of the laws of Tenn. vol 1, p. 717.

The first Section of this Act forbids the State's Attorneys to prefer any bill of indictment to a grand jury, without marking the name of a (private) prosecutor thereon. The 2nd makes any bill preferred in violation of the 1st Sec. void, and makes the State's Attorney liable for all costs which may have accrued on such bill; thus expressly, not only making it the duty of the State's Counsel to prefer all bills of indictment, but rendering all not preferred by him in a particular way, void, and making him liable for a penalty, &c. It would be strange, indeed, if the Courts did not, under this Act, hold that the Government Counsel was bound to sign and prefer all bills of indictment, as the signing was necessary to show who preferred it; and a knowledge of this fact was necessary to determine who was responsible for the penalty of payment of costs, should the name of a prosecutor not be indorsed; which, if not done by the State's Attorney, rendered the bill void. This penal inhibition was not addressed to the grand jury, to the Judge, or to any other person than the State's Attorney.

He alone was responsible for this important and imperative requisition.  He alone was to give authenticity to the indictment by this indorsement, and was alone punishable for its absence ; and of course no indictment could be preferred or found without his express intervention in the manner pointed out or clearly implied by the law.

In Alabama we find no such course of adjudication, because there the terms of the statute requiring the name of a prosecutor to be indorsed on every bill of indictment were not so .peremptory, and construed by the Supreme Court to be only directory, and a non-compliance with them did not affect the validity of the indictment.  (State v. Hughes, 1 Ala. R. 655.)

At this stage of the Court, and with the meagre library accessible to us, we bring this discussion on our part to a close, merely citing in support of our argument against the sufficiency of defendant's plea, the following additional authorities. (State v. Vincent, 1 N. C. Law Repository, 493 ; U. States v. Mundel, 6 Call's Va. R. 247, condensed in 6 Wheel. Am. Com. Law, p. 17.)

*W. B. Ochiltree*, for appellee.   The plea in abatement, in this case, was properly sustained.   No person shall be holden to answer to any criminal charge, but on indictment or information.   (Constitution of the State of Texas, Sec. 8th, Bill of Rights.)

The pretended indictment in this case was signed by B. T. Selman, District Attorney, *pro tem*.   There is no such officer known to the law.   It is essential to the validity of an indictment, that it should be submitted to the grand jury by the prosecuting officer.   (Whart. Crim. Law, and authorities there cited.)   In Tennessee an indictment signed by a person signing himself Solicitor General is bad, there being no such officer known to the law.   (Teas v. The State, 7 Humph.)

The proceedings in bringing in an indictment before the Court must be conducted by the prosecuting attorney for the State, in person, but the actual trial may be conducted by any

other person. (Byrd v. The State, 1 How. Miss. R. 241; Janager v. The State, 10th Yerg.)

In this State, the office of District Attorney is created by the Constitution. No provision for a substitute as in the case of the Clerk of the District Court. (Const. Sec. 11th, Art. 4.) It is prescribed by law that it shall be the duty of the District Attorney to attend all Terms of the District Court in his district, to conduct all prosecutions for crime and offences cognizable in such Courts. (Hart. Dig. Art. 616.)

There is no provision in the law for a *pro tem* appointment or substitute, if from any cause the District Attorney should fail to attend the Court.

If a *pro tem* appointment can be made, by whom can it be made? Rather by the Governor than by the Judge. The office of District Attorney is elective by the people, and in case of vacancy, it is made the duty of the Governor to order an election, and if the appointment can be made, it can only be made upon the occurrence of a vacancy, and then for the constitutional term of two years.

WHEELER, J. We have heretofore decided that it is not essential to the validity of an indictment, that it be signed by the District Attorney. (Epps v. The State, 10 Tex. R. 474.) No good reason is perceived why it should be held to be essential, that the accusation be preferred or presented to the grand jury by that officer; or why it may not be done by any other attorney, who will take upon himself the obligations necessary to ensure a faithful discharge of the duty, with the sanction, and under the authority of the Court.

It may be admitted that the Court does not possess the power to fill a vacancy in the office of District Attorney by appointment. The Court may have no authority, under the Constitution and laws, to invest any one with the right to claim the privileges and emoluments of the office, even temporarily. But it by no means follows that the State cannot legally be represented in the temporary absence of the Dis-

The State v. Johnson.

trict Attorney. If another attorney may represent the State upon the trial, why not, with the sanction of the Court, in drafting and presenting the bill to the grand jury? It can scarcely be supposed that the judgment, whether of conviction or acquittal would be less effectual, as the basis of an execution, or as a bar to a second prosecution, because the State was represented by an attorney other than the legally elected and qualified District Attorney. There is and can be no good reason why the State or the accused should be denied a hearing or trial, because of the mere absence of the District Attorney, when an attorney, whom the Court shall approve as a competent and suitable person, will undertake, under such obligations as the Court may prescribe, and under its authority and supervision, to represent the State, being amenable and responsible to the Court for the faithful performance of the trust reposed. The District Attorney is not only an officer of the State, but also, in common with other attorneys, an officer of the Court. The former is not less subject, in the discharge of his ordinary official duties, to the authority of the Court than the latter. And any dereliction of official or professional duty in bringing a case before the Court, or in its conduct when there, would be equally the subject of animadversion by the Court. It seems that in Tennessee it has been held to be essential to the validity of an indictment, that it be preferred by the proper law officer of the State. (Wharton's Am. Crim. Law, p. 122, n.) We have not access to the reported cases in which this is said to have been decided; but we have access to an early statute of that State which might well warrant the decision.

It may be supposed that the interests of the public might suffer, or that the State might sustain an injury by not being represented by its proper law officer. But it is not easy to perceive how the rights of the accused could be thereby prejudiced; or why it should be held to affect the validity of an indictment duly found and presented in Court, by a competent grand jury. Nor, indeed, is it perceived on what principle the right

can be denied the grand jury, under our law, to find and pre-
fer an indictment in a proper case, without the co-operation of
the District Attorney.   He may enter a *nolle prosequi* ; but
if he should think proper to prosecute on behalf of the State,
it is not perceived what interest the accused could have in the
question whether the indictment was drafted and presented to
the grand jury by him, or was drafted by one of their number.
But it is not necessary in the present case to inquire into their
authority in that respect.

We are of opinion that the fact that, in the temporary ab-
sence of the District Attorney, the State was, by the authority
of the Court, represented by another attorney, in drafting and
presenting to the grand jury the bill, was not a ground for
quashing the indictment, and that the judgment be reversed
and the cause remanded for further proceedings.

Reversed and remanded.