### THE STATE V. LUTERIO GONZALES.

The right of the person acting as District Attorney to discharge the duties of that office cannot be brought in question by motion to quash an indictment, or by plea thereto, based upon allegations of legal incapacity in the person so acting as District Attorney; nor was it proper to quash or set aside an indictment because the person acting as District Attorney was not authorized by law to officiate in that capacity.

An indictment is the act of the Grand Jury, under whose direction it is part of the duty of the District Attorney to prepare indictments; but the pow ers and duties of a Grand Jury do not cease because there may happen to be no District Attorney.

In case of a vacancy in the office of District Attorney, or of the temporary disability of the incumbent of that office, or in any particular case wherein special reasons exist why such incumbent should not act, any other competent person may be authorized by the court to act as District Attorney in preparing indictments.

APPEAL from Nueces. Tried below before the Hon. John F. McKinney.

The appellee was indicted for horse stealing at the fall term of the Nueces District Court.

He filed the following plea:—"And comes the defendant in proper person and says that J. B. Murphy, who wrote out this indictment and whose name is officially signed thereto, after his appointment, election or commission as District Attorney of this judicial district, was appointed and did accept and qualify himself for the office of 'Receiver,' under an Act of the Congress of the Confederate States of America, entitled 'An Act for the sequestration of the property and effects of alien enemies,' &c.; and that said office is one known as an office of trust and emolument. And the defendant further says that the said J. B. Murphy, Receiver as aforesaid, was present at the deliberations of the Grand Jury on their finding in this cause, and used illegal and undue influence therein. Wherefore he prays that this indictment be quashed, &c."

The District Attorney demurred generally, but no disposition of the demurrer appears in the record.

The pleading of the defendant being treated as a motion to quash, it was admitted by the District Attorney that he was, and previous to the finding of the indictment had been, appointed a Receiver of the Confederate States, and had duly qualified as such. On the part of the defence, it was admitted that the District Attorney, Murphy, had been duly elected and qualified as such officer, and held his commission as such; that he was still acting in that capacity, and that no successor to him as District Attorney had been appointed.

The District Attorney "protested and objected to the right of the court thus collaterally and *ex parte* to enquire into his official acts, no previous or preliminary proceeding having been instituted to test the right of the said J. B. Murphy to act as such District Attorney, having in any manner that object specifically in view, by writ of mandamus, quo warranto, or otherwise."

The court quashed the indictment, reciting in its judgment that it was quashed " on the ground that J. B. Murphy, who acted as District Attorney in said case, was disqualified and ineligible to perform the duties of District Attorney in consequence of his acceptance of the office of Receiver under the Confederate States of America." The District Attorney excepted, and appealed in behalf of the State.

*Attorney-General,* for appellant.

BELL, J.   The evidence heard by the Court below upon the special plea, or motion to set aside the indictment, does not disclose the fact that the person who acted as District Attorney was present with the Grand Jury " when they were discussing the propriety of finding the indictment, or voting upon the same." Nor does the Judge below put his ruling upon the ground that the District Attorney, or the person who acted as such, was present with the Grand Jury at an improper time, or that he exercised any improper influence. The court seems to have acted solely upon the idea that the person who acted as District Attorney was not lawfully authorized to do so.

It was not proper in this manner to try the question of the

The State v. Gonzales.

right of any one to discharge the duties pertaining to the office of District Attorney, nor was it proper to quash or set aside the indictment because the person who acted as District Attorney was not empowered by law to do so. The indictment was the act of the Grand Jury. It is a part of the duty of the District Attorney to prepare judgments under the direction of the Grand Jury; but the powers and duties of the Grand Jury do not cease because there may happen to be no District Attorney. In case of a vacancy in the office of District Attorney, or in case of the District Attorney's temporary disability to act, or in any particular case where there might exist special reasons why he should not act, any other competent person might act in the preparation of indictments, by the authorization of the court.

We are of opinion that the court below erred in setting aside the indictment for the reason given in the judgment. It is ordered that the judgment of the court below be reversed, and the cause remanded.

Reversed and remanded.