## W. H. Bennett v. The State.

The grand jury failed to present any indictments or informations, because there was no district attorney present to prepare them, the district attorney not being in attendance, and several members of the bar having declined to accept the appointment of district attorney *pro tempore*, on the ground that they had been retained for the defence by parties who had been either indicted or expected to be indicted. On the third day of the term the grand jury were discharged; thereupon a party, who had been committed to the custody of the sheriff upon the charge of murder, moved the court to be discharged, which was refused. *Held*, that the court erred in refusing to discharge the accused from the custody of the sheriff after the grand jury had been discharged without finding any indictment or information against him.

Where a party is accused of a criminal offence, and is committed to custody or held to bail by an examining court for the purpose of proceeding further against him in another tribunal, he is considered as a defendant against whom there is a prosecution. If that prosecution is discharged in due course of law, he is entitled to his liberty and to all the privileges of a citizen against whom there is no accusation.

If he be not indicted, or if an information be not presented against him by the grand jury at the next term of the District Court after the commitment, he is entitled, by the terms of article 537 of the Code of riminal Procedure, to have the prosecution against him dismissed ; that is to say, to have an order made by the District Court discharging him from custody ; but the failure to hold a regular term of the District Court after such commitment would not entitle him to such an order.

The District Court has undoubtedly the power to require any member of the bar present to prepare such bills of indictment as the grand jury may desire to present, and to impose adequate punishment for a refusal to do it, without good cause shown. The court would not require an attorney to prepare a bill of indictment against a person who had already retained him for defence.

APPEAL from Smith. Tried below before the Hon. W. M. Taylor.

The facts appear in the opinion of the court.

*Donley & Anderson*, for appellant.

*Attorney General*, for appellee.

BELL, J.—The record in this case discloses that at the January Term A. D. 1864, of the District Court for Smith county, the district attorney was not in attendance upon the court; that the presiding judge of the court " tendered the appointment" of district attorney *pro tempore* to four members of the bar in attendance upon the court, " who severally declined to receive said appointment" because they were retained for the defence of parties who were indicted in the court and against whom it was expected that bills of indictment would be preferred; that on the third day of the term the grand jury came into court and asked to be discharged, there being no one present with said grand jury acting as attorney for the State—the said jury not having returned into court any information or bills of indictment, and saying that they could not present any bill of indictment, not having a district attorney ; that on the said third day of the term the grand jury were, at their request, discharged. The record further discloses that after the grand jury were discharged, the appellant was brought to the

bar of the court and moved the court that he be discharged and released from the custody of the sheriff. The record does not distinctly disclose the cause and circumstances of the restraint under which the appellant appeared to be, but it may be inferred from the record that he had been committed to the custody of the sheriff upon a charge of murder. The court overruled his motion to be discharged from custody. He then moved the court to discharge him upon his own recognizance. he being unable to give security. This motion was also overruled. He then asked the court to reduce the amount for which he had been required to give bail. The court considered this application as upon *habeas corpus*, and refused to reduce the amount of the bail required. To all the rulings of the court upon the several motions, and upon the application for the reduction of the amount of the bail, the appellant excepted, and gave notice of appeal to this court.

We are of opinion that the court below erred in refusing to discharge the appellant from custody upon the discharge of the grand jury without any indictment or information having been presented against him.

Article 537 of the Code of Criminal Procedure provides: " When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the District Court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail." When a party is accused of a criminal offence, and is committed to custody, or held to bail by an examining court, for the purpose of proceeding further against him in another tribunal, he is considered as a defendant against whom there is a prosecution. If that prosecution be discharged in due course of law, he is entitled to his liberty and to all the privileges of a citizen against whom there is no accusation. If a person be committed to custody upon a criminal accusation, and from any cause there should be a failure to hold the regular term of the District Court, the party would not therefore be entitled to be discharged from custody. But if

he be not indicted by the grand jury, or if an information is not presented against him by the grand jury at the next term of the court which is held after his commitment, he is entitled by the terms of the article of the code above quoted to have the prosecution against him dismissed; that is to say, he is entitled to have an order made by the District Court discharging him from custody, because the prosecution against him is not continued by the proper and necessary action of the grand jury.

The original error in this case was in the failure of the district judge to require some competent attorney of the court to prepare such bills of indictment as the grand jury might have desired to present. The District Court undoubtedly has the power to require any member of the bar to render such a service, and to impose adequate punishment for a refusal to do it, without good cause shown. The court would not, of course, require an attorney to prepare a bill of indictment against a person who had already retained him for his defence. Whenever there is no district attorney present to prepare such bills as the grand jury may desire to present, the district judge ought to take such action as will secure the administration of the public justice in the mode established by law, and as will, at the same time, secure to individuals all the privileges guarantied by the constitution and laws.

We are of opinion that the appellant is entitled to be discharged from custody, and it is ordered accordingly.

Reversed and discharged.