## THE STATE v. S. C. LACKEY.

1. A district attorney *pro tempore* is legally empowered to do whatever the regular district attorney is authorized by law to do ; and therefore an

affidavit taken as the basis for an information may be sworn to before a district attorney *pro tempore*, in like manner as before the regular incumbent of the office. (Paschal's Digest, Article 2871.)

2. Though on an appeal taken to this court in a misdemeanor case, it was error for the district court to suffer the defendant to go at large on his own recognizance, without sureties, yet the error is such an one as he will not be heard to complain of in this court.

3. In the information as sent up to this court in the transcript, the word June appears to be written *soon* or *sum*. *Held*, that an objection based upon that discrepancy, and not raised in the court below, is frivolous.

APPEAL from De Witt. Tried below before the Hon. Henry Maney.

The charge in the information was playing cards in a public place. The defendant's motion to quash, for the reasons indicated in the opinion, was sustained by the court below, and the State appealed.

Defendant moved to dismiss the case in this court, because the court below, after quashing the information and the appeal taken, suffered him to give his own recognizance, without sureties. No assignment of errors was filed; and this, also, was assigned in the motion to dismiss, but is not noticed by the court.

*W. Alexander*, Attorney General, for the State.

*J. W. Stayton*, for the appellee.

WALKER, J.—A district attorney *pro tem.* is legally authorized to do whatever the law authorizes a district attorney to do. An affidavit on which to found an information is properly made before a district attorney. (Paschal's Digest, Article 2871.) The affidavit need not set out the offense with that particularity and formality required in an indictment. The information charges the offense in the language of the statute, and is sufficiently explicit. If the defendant were suffered to go

at large on his own recognizance, though it was error in the court to suffer him to do so, it is not such an error as he will be heard to complain of.

The objection that the word June may be read soon, is frivolous, and will not be commented on by this court. The judgment of the district court is reversed, and the cause remanded.

REVERSED AND REMANDED.