JOHN RICHARD HARWELL v. THE STATE.

No. 23459. Delivered November 6, 1946.

The opinion states the case.

No attorney of record on appeal for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the State penitentiary for a term of fifteen years.

Appellant's chief contention seems to be that the evidence is wholly insufficient to sustain his conviction. With this we find ourselves unable to agree. It appears from the record that at the time of the unfortunate occurrence the deceased was working for the North American Aviation Company, while appellant's former wife (from whom he had been divorced for two or three years at the time of the killing) worked at the Mustang Cafe in the City of Dallas. The deceased, as well as appellant's former wife, lived at Waxahachie and would go to their respective places of employment each day. Then, after the completion of their hours of labor, they would return to their respective homes in Waxahachie. It seems that appellant lived in Dallas at the time, and had been in the cafe where his former wife worked a very short time prior to the tragedy. He accused her and the deceased of having attempted to run over him with an automobile on the preceding night. This she denied. At the time that appellant left the cafe, the deceased drove up in an automobile, walked into the cafe, and made some purchases. Then he and appellant's former wife came out, entered the deceased's car with a view of going back to Waxahachie, and when they had become seated in the car, appellant walked up thereto and shot the deceased three times, killing him instantly.

Appellant's defense was self-defense which he supported by his own testimony. His defense of insanity was raised by the testimony of two psychiatrists and other persons who had known him for a number of years. The State rebutted this testimony, and thus an issue of fact was raised as to whether or not appellant, at the time of the killing, was of unsound mind to the extent that he did not know the right from the wrong.

The court in his charge instructed the jury upon the law of murder with and without malice, self-defense, threats, and on the issue of insanity. He gave several special requested charges and refused others.

We have reviewed the court's main charge, together with the special requested charges given, and reached the conclusion that the same fairly and adequately instructed the jury upon the law of every phase of the case as made by the evidence.

There is one bill of exceptions in the record which cannot be considered by us, since it was not filed within 30 days after the motion for a new trial was overruled and notice of appeal given, although several extension orders appear in the record, but at the time the first one was made the 30-day period had expired and the court had lost jurisdiction to make such an order. See Teal v. State, 191 S. W. (2d) 684; Thomas v. State, 164 S. W. (2d) 852; Griffin v. State, 59 Tex. Cr. R. 424, 128 S. W. 1134; Samples v. State, 80 Tex. Cr. R. 418, 190 S. W. 486.

The only other question presented for review relates to the action of the trial court in overruling appellant's motion to disqualify Henry Tirey and Forrester Hancock from participating in the prosecution of appellant in this case for the reasons stated in the motion. The motion was controverted by the affidavit of Tirey, as well as that of Hancock, but no evidence seems to have been presented in support of the motion; at least we do not find any in the record. The court overruled the same, and we see no error reflected therein.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.