Refugio J. FIGUEROA, Appellant,

v.

The STATE of Texas, Appellee.

No. 36569.

Court of Criminal Appeals of Texas.

Feb. 19, 1964.

Rehearing Denied March 18, 1964.

Wm. H. Hamblen, Edna, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for aggravated assault; the punishment, sixty days in jail and a fine of $300.00.

The evidence reflects that there had been prior difficulties between the appellant and the injured party before they met at a dance; that upon their meeting at the dance, the appellant cut the injured party with a knife in the body, and after the injured party fell, the appellant leaned over and cut him across the nose and face with the knife.

The evidence is sufficient to sustain the conviction for aggravated assault with a knife under Sec. 10 of Art. 1147, Vernon's Ann.P.C.

The sole contention for reversal is presented by two formal bills of exception. Appellant insists that it was reversible error for Ted Dunham to act as special prosecutor over his objections made before and after the selection of the jury and introduction of the evidence, on the ground that Dunham represented the injured party in a criminal case arising out of the same transaction.

Dunham appeared at the request of the state, without remuneration, and participated along with the County Attorney in the examination of the witnesses during the trial.

No abuse of discretion is shown in the action of the trial court in overruling appellant's objections, and permitting Dunham to assist in the prosecution. Phillips v. State, 159 Tex.Cr.R. 286, 263 S.W. 2d 159; Bingham v. State, 163 Tex.Cr.R. 352, 290 S.W.2d 915.

The judgment is affirmed.

· Opinion approved by the Court.