The **STATE** of Texas, Appellant,

v.

Billy **ROSENBAUM,** Appellee.

No. A14–90–00616–CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 14, 1992.

Jim W. James, Bryan, for appellant.

Dick DeGuerin, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

This is an appeal by the State of Texas from an order quashing a portion of the indictment. Billy Rosenbaum was indicted for aggravated perjury arising from false statements given to the Grand Jury. The trial court held a pre-trial hearing upon defendant's motion claiming the perjurious statement was not material. The court ruled that the statement was not material and quashed that portion of the indictment. As a result, the offense was reduced from a felony to a misdemeanor. The State then brought an appeal from that order pursuant to TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1992). We dismiss for want of jurisdiction.

Billy Rosenbaum was the elected sheriff of Washington County at the time an indictment for aggravated perjury was returned against him. The District Attorney of Washington County was Charles J. Sebesta, Jr. On June 8, 1989, Mr. Sebesta filed a motion for appointment of a special prosecutor in the "investigation of the Washington County Sheriff's Office." The motion stated two reasons in support of it: (1) Mr. Sebesta was involved in the early stages of the investigation and might be called and required to testify about statements made in his presence; and (2) In the interest of justice the District Attorney requested that he and his staff be disqualified to avoid the appearance of impropriety. The motion was granted and signed by the Honorable John L. Placke, District Judge in the 21st Judicial District. Jim W. James was appointed to "investigate" and "prosecute."

The Honorable Larry Gist, Presiding Judge of the 21st Judicial District of Washington County, Texas, held a pre-trial hearing on Defendant's Motion For Pretrial Determination Of Materiality Of Alleged False Statements, and on the Combined Motion To Dismiss Or Quash The Indictment And Objection To Materiality Of Alleged False Statements. The court found as a matter of law that the alleged false statements were not material, and accordingly that portion of the indictment was quashed. What remained was a misdemeanor perjury charge.

Jim James, the special prosecutor, sought to appeal the order quashing a portion of the indictment by filing a notice of appeal. The notice of appeal was brought in the following manner:

Pursuant to Art. 44.01(a)(1) Code of Criminal Procedure comes now the State of Texas, by and through its District Attorney CHARLES SEBESTA and Special Prosecutor JIM W. JAMES, and files this Notice of Appeal to the Court of Appeals from the pretrial order of July 2, 1990. . . .

Signature lines were provided for both Jim James and Charles Sebesta, however, only Jim James signed the notice of appeal. On

that same day, July 16, 1990, District Attorney Charles Sebesta filed a "Motion To Not Require Signature Of District Attorney On Appeal." Mr. Sebesta reasoned that the court had removed the District Attorney from the case and appointed a special prosecutor, therefore, to require his signature would conflict with the reasons for that underlying order. The motion was granted by another judge.

The ability of the State to appeal a pretrial ruling of the trial court is very limited. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(d) (Vernon Supp.1992). Section (i) under that article provides that " 'prosecuting attorney' means the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney." Recently, the Court of Criminal Appeals has addressed the issue of whether assistant prosecutors or other subordinates may sign the notice of appeal. The Court ruled that section (i) "means what it plainly states on its face: a 'prosecuting attorney,' as used in Article 44.01, does not include *under any circumstances* an assistant prosecutor or other subordinate." (emphasis added). *State v. Muller*, 829 S.W.2d 805 at 809 (Tex.Crim.App.1992).

The Court went on to point out that the personal signature of the prosecuting attorney was not required in all cases. However, article 44.01(d) "clearly requires—at the minimum—the prosecuting attorney to personally supervise and authorize the appeals to be undertaken by his office on behalf of the state. *Id.* at 810. "More specifically, to comply with the statute, he must either physically sign the notice of appeal *or* personally instruct and authorize a subordinate to sign the specific notice of appeal in question." *Id.* The State has the burden of proving that *"the appeal in question* was personally, expressly and *specifically authorized* by the prosecuting attorney." *Id.* at 810–811, n. 6. (emphasis added). A general delegation of authority is not sufficient. Moreover, the record must reflect the "authorization of the specific notice of appeal filed in a given case." *Id.* The Court also noted that the court of appeals cannot read a "broad" exception into the clear jurisdictional requirements of art. 44.01. *Id.* at 812.

■ From a review of the record, we note that the District Attorney's motion for the appointment of a special prosecutor was not for the *appeal* of any specific case. On the contrary, it was to cover "the investigation pertaining to the Washington County Sheriff's Office," and to "prosecute this cause." The motion was granted June 8, 1989, several months before this offense was allegedly committed by appellee. Furthermore, there was no *express, specific authorization* by the district attorney for the special prosecutor to make this appeal. The notice of appeal provides a signature line for the District Attorney, Charles Sebesta, and states that it is brought by and through him, yet it was not signed by Mr. Sebesta.

■ Mr. Sebesta requested the court to relieve him of the obligation of signing the notice of appeal, however he made no express request in any motion that would authorize Jim James to make or prosecute *this specific appeal.* Additionally, the order appointing the special prosecutor is a general delegation of authority and is insufficient in light of the *Muller* opinion. We must note that we are not complaining of the actions of Mr. Sebesta or Mr. James, since their motives were pure and the intent was to provide Mr. James with the authority to appeal. However, the *Muller* opinion was very clear and mandated that even though the intent may be to clothe some other person with the authority to appeal, only the district attorney or the person *specifically designated for that appeal* may sign the notice of appeal. As a side note, we also find no authority for the trial court to grant a "Motion not to Require the Signature of the District Attorney." That requirement cannot be waived by the trial court. Accordingly, we find that the requirements of article 44.01(d) have not been met, and further find that we do not have jurisdiction to consider this appeal.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the panel, I record my respectful dissent. I would find that the requirements of article 44.01(i) have been met and that we have jurisdiction to consider this appeal. I also would affirm the ruling of the trial court on the merits of the appeal.

In my opinion, under the facts of this case, Jim W. James, the duly appointed special prosecutor, stepped into the shoes of the elected District Attorney, Charles J. Sebesta, Jr., under TEX.CODE CRIM.PROC. ANN. art. 44.01 (Vernon Supp.1992).

Appellee, Billy Rosenbaum, was the elected sheriff of Washington County at the time an indictment for aggravated perjury was returned against him. The District Attorney of Washington County was Charles J. Sebesta, Jr. On June 8, 1989, Mr. Sebesta filed a motion for appointment of a special prosecutor in the "investigation of the Washington County Sheriff's Office." The motion stated two reasons in its support. (1) Mr. Sebesta was involved in the early stages of the investigation and might be called and required to testify about statements made in his presence. (2) In the interest of justice the District Attorney requested that he and his staff be disqualified to avoid the appearance of impropriety. The motion was granted and an order signed by the Honorable John L. Placke, District Judge of the 21st Judicial District on June 8, 1989. On the same date, Jim James was appointed to investigate and prosecute said cause by Judge Placke. Thus, for purposes of article 44.01, the special prosecutor, Jim James, was the authorized prosecuting attorney to prosecute this case. To prosecute a cause is not merely to commence it, but includes following it to an ultimate conclusion which includes appealing the cause. Therefore, I find that we have jurisdiction.

I also would affirm the trial court's order. I find that the trial court had the proper authority to hold this pretrial hearing to determine the materiality of the alleged perjurious statement and properly ruled that appellee's statements were not material. TEX.CODE CRIM.PROC.ANN. art. 28.01 (Vernon 1989).