**The STATE of Texas, Appellant,**

v.

**Billy ROSENBAUM, Appellee.**

No. 865–92.

Court of Criminal Appeals of Texas, En Banc.

May 5, 1993.

Dick DeGuerin, Houston, for appellee.

Jim James, Special Prosecutor, Bryan, Robert Huttash, State's Atty., and Carl E.F. Dally, First Asst. State's Atty., Austin, for appellant.

**OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW**

MILLER, Judge.

Appellee was indicted for perjury and aggravated perjury. Because the District Attorney could be called to testify, the district attorney moved that he and his staff be disqualified. The district judge

---

granted the motion and disqualified the District Attorney and his staff from prosecuting the case. By court order, the district judge appointed a special prosecutor[1] to "investigate" and "prosecute" the case. Subsequently, the trial court quashed the indictment of appellee for aggravated perjury. The State appealed the court order to quash as authorized by Article 44.-01(a)(1), Vernon's Annotated Code of Criminal Procedure. *Moreno v. State*, 807 S.W.2d 327 (Tex.Crim.App.1991); *Garrett v. State*, 824 S.W.2d 181 (Tex.Crim.App. 1992). The special prosecutor timely filed notice of appeal with the Fourteenth Court of Appeals.

The Court of Appeals relied on *State v. Muller*, 829 S.W.2d 805 (Tex.Crim.App. 1992), and held that it was without jurisdiction to consider the merits of the appeal because the requirements of Art. 44.01(d), V.A.C.C.P., had not been met. The court of appeals held that the requirements were not met because no *express or specific authorization*[2] to make the appeal was given to the special prosecutor by the District Attorney. *State v. Rosenbaum*, 830 S.W.2d 793 (Tex.App.—Houston 1992).

We granted review of the State's petitions for discretionary review to determine if a proper appeal may be made by a special prosecutor, appointed by court order to replace a disqualified district attorney, without authorization from that district attorney. We will reverse the court of appeals and remand for consideration of the merits of the State's appeal.

In *State v. Muller*, 829 S.W.2d at 809, this Court held "prosecuting attorney" as used in 44.01(d) means "the county attorney, district attorney, or criminal district attorney who has the primary responsibility of prosecuting cases in the court hearing the case and does not include an assistant prosecuting attorney." *Muller*, 829 S.W.2d at 809. In *Muller*, an assistant prosecut-

ing attorney filed an appeal. This Court held that Art. 44.01 did not allow the elected district attorney's subordinate to make an appeal. We held that Art. 44.01(d) plainly on its face did not include *an assistant prosecutor or other subordinate*. *Id.* We also held that this interpretation of Article 44.01(d) applied to all parts of Article 44.01. *Ibid.* at 810.

Because of 44.01(d) we held that "the phrase 'make an appeal' clearly requires ... the prosecuting attorney to personally supervise and authorize the appeals to be undertaken by his office on behalf of the State." *Id.* However, we also pointed out that the appeal does not necessarily need to carry the prosecuting attorney's signature. This just requires the prosecuting attorney to " 'make an appeal' by personally authorizing—in some fashion—the specific notice of appeal in question. More specifically ... he must either physically sign the notice of appeal or personally instruct and authorize a subordinate to sign the specific notice of appeal in question." *Id.*

In the instant case the Honorable John L. Placke disqualified the District Attorney, Charles J. Sebesta, Jr., and his staff by granting the State's Motion for Appointment of Special Prosecutor. The district attorney's office was disqualified because the DA could be called to testify in appellee's trial for perjury. Judge Placke then appointed special prosecutor, Jim W. James, by a court order to "investigate" and "prosecute" the case.[3]

At a pretrial hearing after the appointment of James, the Honorable Larry Gist quashed a portion of the indictment for lack of materiality. James gave timely notice of appeal of the order to quash which he signed and filed in the Fourteenth Court of Appeals. The elected District Attorney did not sign the notice of appeal as prior to the filing of the notice of the appeal, the disqualified district attorney made motion

---

**1.** We use the term "special prosecutor" because that is the term used by the parties and the court of appeals. We acknowledge, however, the remarks of our brother Clinton in his concurring opinion noting the proper categorization of special prosecutor and district attorney *pro tem.*

**2.** All emphasis supplied by this author unless otherwise indicated.

**3.** James took the required oath of office which was filed with the order.

to the court that he not be required to sign the appeal.

The State agrees with Judge Ellis' dissenting opinion in the Court of Appeals and contends that the special prosecutor is authorized to perform all duties of the district attorney and has all the powers of the district attorney; thus, the special prosecutor "steps into the shoes" of the district attorney. The State alleges that the power to make an appeal is included in the powers of the district attorney; therefore, the State claims the appellate court had jurisdiction to consider the merits of its appeal.

Appellee counters that the requirements for a proper appeal by the state in Art. 44.01(d) were not met. Appellee claims that the special prosecutor was without authority to make the appeal under Article 44.01(d); and, therefore, notice of appeal was never properly given by the State. Appellee asserts that since notice was not properly given, the appellate court was without jurisdiction to consider the appeal.

The result reached by the Court of Appeals is reasonably understood from our language in *Muller*, 829 S.W.2d 805, where we stated that Article 44.01 requires the elected "prosecuting attorney" (and not his assistant) to "make" the State's "notice of appeal ...", and that the prosecuting attorney "must physically sign it [the notice of appeal], *or* personally instruct and authorize a subordinate to sign the specific notice of appeal in question." However, we agree with the State that the case before us is distinguishable, on its facts, from *State v. Muller*, 829 S.W.2d 805.

According to *Muller*, 829 S.W.2d at 809, this Court interpreted Article 44.01 to mean that only the actual prosecuting attorney, not a subordinate to the prosecuting attor-

ney, may make an appeal for the state. However, *Muller* did not cover the situation presented in this case where the district attorney is altogether removed from a case and a special prosecutor is substituted for that district attorney.

Article 2.07(b–1), V.A.C.C.P., allows the district attorney to recuse himself from a case if necessary. Upon approval of the recusal request by the judge, the district attorney is considered disqualified. Art. 2.07(b–1), V.A.C.C.P. Article 2.07(a) provides that if the attorney for the state [4] is disqualified [5], a judge "may appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state." V.A.C.C.P. 2.07(b–1). Article 2.07(a) states plainly that the *pro tem* attorney will perform the duties of the district attorney.[6]

In addition, over 120 years ago the Texas Supreme Court (then vested with general authority over criminal matters) held that "an attorney *pro tem* appointed by the court has all the powers and duties of the regular prosecuting attorney." *State v. Lackey*, 35 Tex. 357 (1872). Thus, if a district attorney is disqualified, the court may appoint any competent attorney to assume all the district attorney's duties and powers during his disqualification.

In this case the trial judge followed Article 2.07 by appointing James to perform the duties of Charles J. Sebesta, Jr., the disqualified district attorney. By his request to be disqualified the district attorney manifested his intention to give his full power and authority to the special prosecutor in the case. In addition, his request not to sign the appeal shows he still believed that the special prosecutor had full power and control over the case.[7]

---

4. Attorney for the state includes "a district attorney." Art. 2.07(d), V.A.C.C.P.

5. Article 2.07(b–1) allows the district attorney to recuse himself from a case if necessary. Upon approval of the request by the judge, the district attorney is considered disqualified. Art. 2.07(b–1), V.A.C.C.P.

6. This Court has held that when interpreting a statute, one must "necessarily focus on the literal text of the statute in question." *State v.*

*Muller*, 829 S.W.2d at 808; citing *Boykin v. State*, 818 S.W.2d 782 (Tex.Crim.App.1991). "Even though another reading may be more 'desirable,' the court may not strain the plain meaning of the statute." *Muller*, 829 S.W.2d at 808; *Smith v. State*, 789 S.W.2d 590 (Tex.Crim. App.1990).

7. The filing of this motion is not critical to our analysis nor is it a determining factor in our analysis of this case. This motion, however, does evidence the district attorney's intent that

As previously discussed, an attorney *pro tem* or special prosecutor *takes the place of* the disqualified district attorney assuming all the district attorney's powers and duties in the case. Therefore, the special prosecutor is not subject to the direction of the disqualified district attorney as is a subordinate, but, for that case, he *is* the district attorney. Thus, this case before us is distinguished from *Muller* because no subordinate to the district attorney is involved, but a substitute who was given the primary responsibility for the case by court order.

We find that the special prosecutor was given *all* the powers and duties of the district attorney by the court order to "investigate" and "prosecute" the case; thus, the special prosecutor had, included in the powers of the district attorney, the authority to make the appeal of the district court's order. We hold that upon the timely filing of the notice of appeal, the Court of Appeals had jurisdiction. The State's ground for review is sustained.

Accordingly, the judgment of the Court of Appeals is reversed and we remand this cause to the Court of Appeals for consideration of the merits of the State's appeal.

CLINTON, Judge, concur.

The Constitution of the State of Texas contemplates "the election of District Attorneys in such districts, as may be necessary." Article V, § 21; Interpretive Commentary. Accordingly, the Legislature has mandated that voters of Washington and Burleson counties elect a district attorney to represent the State in the district court for the 21st Judicial District. V.T.C.A.

Government Code, § 43.108. Agreeing with the result reached by the court, nevertheless I believe this cause presents a question of constitutional dimension that must be examined and considered with more care.

I

Ever since at least 1858 the Legislature has assigned to district attorneys a basic duty of office relative to criminal prosecutions, *viz:*

"It is the duty of each District Attorney to represent the State in *all criminal cases* in the District Courts of his District, except in cases where he has been, before his election, employed adversely ..."

Article 2.01, V.A.C.C.P.[1]

Early on, should the district attorney be absent, the district judge had the power to appoint an attorney at the bar to perform the prosecutorial duties of the district attorney, including preparing such indictments as the grand jury may request. Upon taking the constitutional oath of office the appointee became "district attorney *pro tem.*" *State v. Lackey*, 35 Tex. 357 (1872); *Bennett v. State*, 27 Tex. 701 (1864); *State v. Gonzales*, 26 Tex. 197 (1862); *State v. Johnson*, 12 Tex. 231 (1854).

Later, the Legislature sanctioned and formalized the practice with provisions that with modifications remain in effect to this day. Article 2.07(a), V.A.C.C.P., as amended.[2]

Thus, as correctly discerned by the State:

---

the special prosecutor was to act, in all respects, as the district attorney on this case.

1. Act of February 15, 1858; Article 30, C.C.P. 1856, as amended; Oldham & White, Digest of the General Statute Laws of the State of Texas 571 (1859); article 31, C.C.P. 1979; article 30, C.C.P. 1895; article 30, C.C.P. 1911; article 25, C.C.P. 1925.

   All emphasis is mine unless otherwise indicated.

2. See and compare Act of August 7, 1876, p. 87, § 12; article 39, C.C.P. 1879; article 38, C.C.P. 1895; article 38, C.C.P. 1911; article 31, C.C.P. 1925; article 2.07, C.C.P. 1965. All authorized

the trial judge to appoint a district attorney *pro tem* "to perform the duties" whenever the district attorney "shall fail to attend any term of the district [court;]" the appointee was allowed the same compensation for his services as the district attorney, his appointment was not to exceed beyond term of court and was vacated "upon the appearance of the district [attorney]."

   In 1967 the Legislature cast the need for an appointment solely in terms of the district attorney being "disqualified in any case." Acts 1967, 60th Leg., Ch. 659, p. 1733, § 4.

   Later the Legislature restored the circumstance of "absence," and added as well "otherwise unable to perform the duties of his office,

"... It has been the law in this State for over 120 years that: 'A district attorney *pro tem* is legally authorized to do whatever the law authorizes a district attorney to do.' *State v. Lackey*, 35 T 357 (1982)."

State's PDRs and Briefs, at 8.[3]

## II

In this cause the elected district attorney chose to recuse himself and his "staff" under recently enacted § 2.07(b–1). Presumably because his pleading is styled a motion for "appointment of a *special prosecutor*," the majority appears to treat a "district attorney *pro tem*" and a "special prosecutor" functionally synonymously, without any distinction. Majority Opinion, *passim*, and at 527. In that, I believe, are seeds for producing confusion between the two positions.

The term "special prosecutor" first appeared in any code of criminal procedure with the revision of 1965, when the revisors added to Article 2.01, the following admonition:

"... It shall be the primary duty of all prosecuting attorneys, including *any special prosecutor*, not to convict, but to see that justice is done. They shall not suppress facts or secrete witnesses capable of establishing the innocence of the accused."

See Special Commentary and Historical Note.[4]

Both the State Prosecuting Attorney and the "special prosecutor" distinguish a "district attorney *pro tem*" from a "special prosecutor," pointing out as to the latter, *viz:*

"... In some instances a so called 'special prosecutor' may assist a district attorney in investigating and prosecuting a particular case, but the prosecuting attorney in that instance is responsible for and in control of the prosecution. See *Davis v. State*, 148 Tex.Crim. 499, 188 S.W.2d 397 (App.1945); *Lopez v. State*, 437 S.W.2d 268 (Tex.Cr.App.1968)."

PDR and Briefs, at 8. Those cases and others make clear the distinction between the two positions.

Basically, a "district attorney *pro tem*" is *appointed by the district court*, and after taking the oath of office assumes the duties of the elected district attorney and in effect replaces the latter in performing germane functions of office for purposes contemplated by the appointment. On the other hand, a "special prosecutor" is *permitted by the elected district attorney* to participate in a particular case to the extent allowed by the prosecuting attorney, without being required to take the constitutional oath of office.[5]

---

or in any instance where there is no attorney for the State." Acts 1973, 63rd Leg., Ch. 154, p. 356, § 1.

That an otherwise qualified attorney for the State may be allowed to recuse himself "for good cause" and then be considered "disqualified" was added by Acts 1987, 70th Leg, Ch. 918, p. 3107, § 1.

3. The State Prosecuting Attorney filed the principal PDR and Brief in Support Thereof. The district attorney *pro tem*, though calling himself "special prosecutor," also filed a PDR and supporting brief, conceding that his is "taken directly and verbatim" from the former because it "adequately and forthrightly presented the State's argument in this case." *Id.*, at 9. Compare majority opinion, at 528, n. 2.

4. In *Lopez v. State*, 628 S.W.2d 77 (Tex.Cr.App. 1982), the Court construed this passage to apply to "a privately retained attorney employed to prosecute the case." *Id.*, at 80. It is unclear whether the attorney was assisting in or solely engaging in the prosecution, but in any event it

does appear that he was not a court appointed district attorney *pro tem*.

5. See, e.g. *Lopez v. State*, 628 S.W.2d 77, at 80 (Tex.Cr.App.1982); *Reed v. State*, 503 S.W.2d 775, at 776 (Tex.Cr.App.1974); *Ex parte Powers*, 487 S.W.2d 101, at 104 (Tex.Cr.App.1972); *Lopez v. State*, 437 S.W.2d 268, at 269 (Tex.Cr.App. 1968); *Figueroa v. State*, 375 S.W.2d 907 (Tex. Cr.App.1964); *Bingham v. State*, 163 Tex.Cr.R. 352, 290 S.W.2d 915, at 918–919 (1956); *Loshe v. State*, 160 Tex.Cr.R. 561, 272 S.W.2d 517, at 519, 520 (1954); *Phillips v. State*, 159 Tex.Cr.R. 286, 263 S.W.2d 159, at 160 (1953); *Davis v. State*, 148 Tex.Cr.R. 499, 188 S.W.2d 397, at 399–400 (1945); see also *Harwell v. State*, 149 Tex.Cr.R. 559, 197 S.W.2d 349, at 350 (1946); *Fitzgerald v. State*, 722 S.W.2d 817, at 820 (Tex.App.—Tyler 1987) (assistant district attorney of another county serving as special prosecutor), affirmed on other grounds, 782 S.W.2d 876 (Tex.Cr.App. 1990); *Liveoak v. State*, 717 S.W.2d 691, at 694 (Tex.App.—San Antonio 1986), PDR refused with disclaimer on other ground, 741 S.W.2d 451 (Tex.Cr.App.1987).

While some opinions express the view that the trial judge has some discretion in the matter, especially when objection is made, it is enough today that we draw germane distinctions between a district attorney *pro tem* and a "special prosecutor" to demonstrate that the office of the former is not the same as the position of the latter.

With those cautions and observations, I join the judgment of the Court.