TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00090-CR






Ex Parte William David Crowder






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0960277, HONORABLE MIKE LYNCH, JUDGE PRESIDING






 The district court denied William David Crowder's application for habeas corpus. He
appeals. We will affirm the district-court order.


THE CONTROVERSY


 Crowder was released on bail on March 2, 1995 following his arrest, on the same day, for
sexual indecency with a child. Approximately eleven months after his indictment, Crowder applied for a
writ of habeas corpus, contending his restraint was illegal by reason of article 32.01 of the Code of Criminal
Procedure. See Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 32.01, Tex. Gen. Laws
317, 441 (Tex. Code Crim. Proc. Ann. art. 32.01) (since amended). The district court denied the
application without stating any grounds therefor. Crowder brings four points of error. (1) We believe point
of error two is dispositive of the appeal and need not discuss the remaining three points pertaining to "good
cause" and the unconstitutionality of statutes.


DISCUSSION AND HOLDINGS


 When this cause arose, article 32.01 of the Code of Criminal Procedure provided as
follows:


When a defendant has been detained in custody or held to bail for his appearance to
answer any criminal accusation before the district court, the prosecution, unless
otherwise ordered by the court, for good cause shown, supported by affidavit, shall be
dismissed and the bail discharged, if indictment or information be not presented against
such defendant at the next term of the court which is held after his commitment or
admission to bail.



(emphasis added). "A discharge under . . . Article 32.01 . . . is a bar to any further prosecution for the
offense discharged and for any other offense arising out of the same transaction." Act of June 1, 1987,
70th Leg., R.S., ch 383, §1, 1987 Tex. Gen. Laws 1885 (Tex. Code Crim. Proc. Ann. art. 28.061) (since
amended).

 Crowder was arrested for the offense on March 2, 1995, and released on bail the same
day. Three terms of court passed without his being indicted for the offense. He was indicted in the January-March 1996 term; and in the October-December 1996 term he moved to "dismiss" the indictment. (2) The
trial court overruled the motion in January 1997 and denied Crowder's application for habeas corpus. The
issue reduces to the applicability of article 32.01 in these circumstances.

 Article 32.01 is restricted by its terms to persons who are (1) restrained for an offense and
(2) not charged in an indictment or information, as in Crowder's case when he was arrested under a
warrant issued upon an affidavit setting forth the affiant's belief that Crowder had committed the offense
of aggravated sexual assault upon a child. When he was not indicted for the offense at the next grand jury
term, he was entitled under article 32.01 "to have an order made by the District Court discharging him from
custody because the prosecution" initiated with his arrest was "not continued by the proper and necessary
action of the grand jury." Bennett v. State, 27 Tex. 701, 703-04 (Tex. 1864) (emphasis added). When
Crowder first invoked article 32.01 after he was indicted, however, he invoked a statute that no longer
applied to his circumstances by its very terms--he was no longer restrained in the absence of an indictment
or information. See Tatum v. State, 505 S.W.2d 548, 550 (Tex. Crim. App. 1974); Ex parte Johnson,
154 S.W.2d 854 (Tex. Crim. App. 1941); Payne v. State, 4 S.W.2d 53, 54 (Tex. Crim. App. 1928). (3)


 We therefore hold the district court did not err in overruling Crowder's motion to dismiss
the indictment by reason of article 32.01. Accordingly, we overrule Crowder's point of error two and hold
the district court did not err in denying his application for habeas corpus.



 

 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: January 29, 1998

Publish
1. Crowder's points of error are as follows: (1) the State did not establish good cause for failing
to indict Crowder at the next term of court after his commitment or admission to bail, as required by article
32.01; (2) the district court erred in holding that Crowder must file a "motion to dismiss" before an
"indictment is issued;" (3) the trial court erred in holding article 32.01 unconstitutional; and (4) the trial court
erred in holding article 28.061 unconstitutional.
2. The grand-jury terms of the 147th Judicial District Court begin on the first Mondays in January,
April, July, and October. See Tex. Gov't Code Ann. § 24.248(b) (West 1988). The events pertinent to
the appeal transpired in the 147th Judicial District Court. After his indictment, Crowder's case was
transferred to the 167th Judicial District Court.
3. We acknowledge the conflicting opinions regarding the timely filing of an application for relief
under article 32.01. See e.g., Norton v. State, 918 S.W.2d 25 (Tex. App.--Houston [14th Dist.] 1996,
pet. granted); State v. Ybarra, 942 S.W.2d 35 (Tex. App.--Corpus Christi 1996, pet. granted);
Holleman v. State, 945 S.W.2d 232 (Tex. App.--Amarillo 1997, pet. filed). We agree with the
Holleman court that Tatum v. State, 505 S.W.2d 548 (Tex. Crim App. 1974) is the latest decision on
the subject by the Court of Criminal Appeals, and we have no authority to circumvent it. Holleman, 945
S.W.2d at 236. 




"BR1">
(emphasis added). "A discharge under . . . Article 32.01 . . . is a bar to any further prosecution for the
offense discharged and for any other offense arising out of the same transaction." Act of June 1, 1987,
70th Leg., R.S., ch 383, §1, 1987 Tex. Gen. Laws 1885 (Tex. Code Crim. Proc. Ann. art. 28.061) (since
amended).

 Crowder was arrested for the offense on March 2, 1995, and released on bail the same
day. Three terms of court passed without his being indicted for the offense. He was indicted in the January-March 1996 term; and in the October-December 1996 term he moved to "dismiss" the indictment. (2) The
trial court overruled the motion in January 1997 and denied Crowder's application for habeas corpus. The
issue reduces to the applicability of article 32.01 in these circumstances.

 Article 32.01 is restricted by its terms to persons who are (1) restrained for an offense and
(2) not charged in an indictment or information, as in Crowder's case when he was arrested under a
warrant issued upon an affidavit setting forth the affiant's belief that Crowder had committed the offense
of aggravated sexual assault upon a child. When he was not indicted for the offense at the next grand jury
term, he was entitled under article 32.01 "to have an order made by the District Court discharging him from
custody because the prosecution" initiated with his arrest was "not continued by the proper and necessary
action of the grand jury." Bennett v. State, 27 Tex. 701, 703-04 (Tex. 1864) (emphasis added). When
Crowder first invoked article 32.01 after he was indict