

OFFICE *of the* ATTORNEY GENERAL
GREG ABBOTT

December 23, 2002

The Honorable Sky Sudderth
District Attorney
35th Judicial District
Brown County Courthouse
200 South Broadway
Brownwood, Texas 76801

Opinion No. GA-0005

Re: Authority of a district attorney pro tem to modify a standing local agreement between a district attorney's office and a law enforcement agency regarding the distribution of forfeited funds (RQ-0569-JC)

Dear Mr. Sudderth:

You ask whether a district attorney pro tem in a civil forfeiture action, who was appointed pursuant to article 2.07 of the Code of Criminal Procedure, may modify a standing local agreement between the district attorney's office and local law enforcement agencies on the distribution of forfeited property entered into under chapter 59 of the same code. In a given case a district attorney pro tem "assumes the duties of the elected district attorney and in effect replaces the latter in performing germane functions of the office for purposes contemplated by the appointment." *Stephens v. State*, 978 S.W.2d 728, 731 (Tex. App.–Austin 1998, pet ref'd). However, the duty of the district attorney that the district attorney pro tem thus assumes is to administer the forfeited property "in accordance with . . . the provisions of [the] local agreement." TEX. CODE CRIM. PROC. ANN. art. 59.06(a) (Vernon Supp. 2003). The district attorney pro tem's role here was limited to the particular case for which he was appointed, and he was accordingly not authorized to modify the standing local agreement.

As we understand the situation giving rise to your request, based on the information you have provided, you recused yourself in a civil forfeiture action brought under chapter 59 against a person who was your client before you became district attorney, when you were engaged in the private practice of criminal defense law.[1] *See* Motion for Recusal (attachment to Request Letter, *supra* note 1). Your motion for recusal was granted by the district court, which thereupon appointed an attorney as district attorney pro tem pursuant to article 2.07 in the action in question. *See* Order Appointing District Attorney Pro Tem (attachment to Request Letter, *supra* note 1). The court, in a partial default judgment in 2000, ordered seized items in the case "forfeited to the District Attorney for the 35th Judicial District . . . to be distributed in accordance with an inter-local agreement entered into

---

[1]Letter from Honorable Sky Sudderth, District Attorney, 35th Judicial District, to Honorable John Cornyn, Texas Attorney General (June 24, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

by and between the Office of the 35th Judicial District [Attorney] and the Brown County Sheriff's Office as provided by law." *See* Partial Default Judgment (attachment to Request Letter, *supra* note 1). In June of this year, an agreed final judgment of forfeiture called for certain contraband property to be distributed "in accordance with the interlocal agreement between the District Attorney Pro-Tem in this case and the Brown County Sheriff's Office." *See* Agreed Final Judgment of Forfeiture (attachment to Request Letter, *supra* note 1). You object to what you characterize as the decision of the district attorney pro tem and the sheriff "to modify the standing local agreement" between the Office of the Thirty-fifth Judicial District Attorney and the Brown County Sheriff's Office. *See* Letter from Sky Sudderth, District Attorney, to Sheriff Glen Smith (attachment to Request Letter, *supra* note 1). While you have agreed to the modification in question "for this case only," *id.*, you take the view that the district attorney pro tem did not have authority to modify a standing local agreement. We concur.

Article 2.07 of the Code of Criminal Procedure provides a method for the appointment of a district attorney pro tem when the attorney for the state "is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of his office." TEX. CODE CRIM. PROC. ANN. art 2.07(a) (Vernon 1977). In such a case, the judge of the relevant court "may appoint any competent attorney to perform the duties of the office." *Id.* "If the appointed attorney is not an attorney for the state, he is qualified to perform the duties of the office for the period of absence or disqualification of the attorney for the state on filing an oath with the clerk of the court." *Id.* art. 2.07(c). While you refer in your letter to the powers of a special prosecutor, it is clear that the attorney in question was district attorney pro tem for this action; he was so appointed by the court, and took the requisite oath. *See State v. Rosenbaum* 852 S.W.2d 525, 529 (Tex. Crim. App. 1993) (Clinton, J., concurring) (district attorney pro tem replaces district attorney "in performing germane functions of the office for purposes contemplated by the appointment"); Order Appointing District Attorney Pro Tem (attachment to Request Letter, *supra* note 1).

Chapter 59 of the Code of Criminal Procedure generally concerns the forfeiture of contraband, which means "property of any nature, including real, personal, tangible, or intangible" that is either used in the commission of certain detailed offenses, or constitutes or is acquired with the proceeds of such offenses "or a crime of violence." TEX. CODE CRIM. PROC. ANN. art. 59.01(2) (Vernon Supp. 2003). Article 59.05(e) of the code requires: "If the court finds that all or any part of the property is subject to forfeiture, the judge shall forfeit the property to the state, with the attorney representing the state as the agent for the state." *Id.* art. 59.05(e). The duty of the attorney for the state is to "dispose of the property in the manner required by Article 59.06 of this code." *Id.*

Article 59.06, which governs the duty of the attorney representing the state with regard to disposition of forfeited property, requires him to administer it "in accordance with accepted accounting practices and with the provisions of any local agreement entered into between the attorney representing the state and law enforcement authorities." *Id.* art. 59.06(a). As this office explained in Letter Opinion 97-091, "The intent of subsection (a) is clearly to provide that the disposition of forfeited property will be governed by the terms of an existing local agreement in the first instance." Tex. Att'y Gen. LO-97-091, at 2; *accord* Tex. Att'y Gen. Op. No. JC-0075 (1999) at 1. The "[a]ttorney representing the state," pursuant to article 59.01, is "the prosecutor with felony jurisdiction in the county in which a forfeiture proceeding is held under [chapter 59]." TEX. CODE

CRIM. PROC. ANN. art. 59.01(1) (Vernon Supp. 2003).  The local agreement at issue here is that between the Thirty-fifth Judicial District Attorney and the Brown County Sheriff.

Generally, of course, you are "the attorney representing the state" in forfeiture actions in the relevant county.  *Id.*  However, it may be argued that in the instant case the district attorney pro tem holds that position, having "assume[d] the duties of the elected district attorney and in effect replace[d] the latter in performing germane functions of the office for purposes contemplated by the appointment," *Stephens*, 978 S.W.2d at 731.  Nevertheless the district attorney pro tem, whose appointment is limited to the performance of such functions in the case for which he was appointed, is not authorized to alter the terms of disposition in an existing local agreement by virtue of an appointment under article 2.07.  Nor does the agreement at issue provide for modification by a district attorney pro tem and sheriff.  Accordingly, the district attorney pro tem did not have the authority to modify the existing agreement between your office and the Brown County Sheriff, but was bound by the plain language of article 59.06(a) to dispose of the property by its terms.

## S U M M A R Y

A district attorney pro tem appointed under the terms of article 2.07 of the Code of Criminal Procedure for a specific case does not have the authority to alter the terms of disposition of a local agreement on forfeited property under chapter 59 of the Code of Criminal Procedure.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee