Donald Ray COOPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00655–CR.

Court of Appeals of Texas,
Dallas.

July 7, 1983.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., Kathi Alyce Drew, Asst. Dist. Atty., for appellee.

Before AKIN, ALLEN and GUILLOT, JJ.

ALLEN, Justice.

## OPINION ON REMAND FROM COURT OF CRIMINAL APPEALS

Donald Ray Cooper was convicted of burglary of a habitation. Punishment was assessed at five years in the Texas Department of Corrections which was probated. Subsequently, the court revoked appellant's probation and appellant initiated the present appeal. Appellant contends that the trial court abused its discretion in revoking probation. We hold that no abuse of discretion is shown.

In appellant's first ground of error, he complains that when the court revoked his probation it denied him due process and fundamental fairness. Specifically, appellant contends that because the court had originally continued him on probation after hearing the motion to revoke probation, the court lacked authority at a later date to revoke in the absence of proof of some subsequent violation of his probation.

On March 11, 1977, appellant was convicted of burglary of a habitation upon his plea of guilty. His punishment was assessed by the court at five (5) years, probated. One of the probationary conditions was that appellant "Report to the probation officers as directed, to wit: monthly." On April 3,

1980, the State filed its fifth motion to revoke probation alleging, inter alia, that appellant had failed to report to the probation officer as directed for the months of January and February, 1980. On September 17, 1980, a hearing was held on the State's fifth motion to revoke probation. The only evidence offered related to appellant's failure to report. At the conclusion of the hearing the court found the allegation to be true. The court then stated it "... recesses the hearing, releases the Defendant who is ordered to continue abiding by the terms and conditions of probation while the court takes the matter under advisement."

Over four months later on January 27, 1981, without further allegation of a probationary violation, the court revoked appellant's probation and sentenced him. At the time the court revoked his probation, appellant offered no objection to the procedure utilized. Notice of appeal was given. Appellant's brief filed in the trial court under Tex.Code Crim.Proc.Ann. art. 40.09 (Vernon 1979) (amended eff. 1981), in effect at the time, contended the trial court abused its discretion in revoking probation after he had continued appellant on probation, thus denying him due process and fundamental fairness. After the filing of appellate briefs, the trial court did not grant a new trial. Tex.Code Crim.Proc.Ann. art. 40.09, § 12 (Vernon 1979) (amended eff. 1981). On original submission we held that the trial court abused its discretion when it "continued" the appellant on probation and then subsequently revoked appellant's probation without an allegation or a determination of a new probationary violation. This court relied upon *Wright v. State,* 640

S.W.2d 265 (Tex.Cr.App.1982), and *Rogers v. State,* 640 S.W.2d 248 (Tex.Cr.App.1982) (On State's Motion for Rehearing) (en banc), in rendering its opinion on original submission. In view of the fact that a different result was subsequently reached in *Wright v. State,* 640 S.W.2d 265, 270 (Tex.Cr.App.1982) (State's Motion for Rehearing), and *Rogers v. State,* 640 S.W.2d 248, 263–65 (Tex.Cr.App.1982) (On State's Second Motion for Rehearing), the Court of Criminal Appeals granted the State's petition for discretionary review to consider the correctness of the holding and remanded the cause to this court for disposition consistent with the majority opinion in *Rogers.*

In *Rogers,* 640 S.W.2d at 265, it was held by the majority of the Court of Criminal Appeals that the procedure utilized by the trial judge cannot be challenged on appeal unless a due process of law objection has been made in the trial court. Since the appellant did not make such an objection in the instant case prior to sentence, he waived any error. We overrule appellant's first ground of error.

■ Appellant next contends that the trial court abused its discretion by revoking appellant's probation because the court had previously discharged appellant from probation. In support of his contention, appellant directs our attention to the fact that on January 6, 1978, the State filed a motion to revoke appellant's probation. Thereafter, the State filed its motion to withdraw its motion to revoke probation with a form order thereon for the court's signature. The motion and order referred to by appellant are as follows:

No. F77–472–IJ

| THE STATE OF TEXAS | ] | IN THE CRIMINAL DISTRICT COURT |
| --- | --- | --- |
| | ] | |
| V. | ] | NO. 3 OF DALLAS COUNTY, TEXAS |
| | ] | |
| DONALD RAY COOPER | ] | JAN. TERM, A. D. 1978 |

STATE'S MOTION TO WITHDRAW ITS MOTION
TO REVOKE PROBATION

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes HENRY WADE, Criminal District Attorney of Dallas County, Texas, by and through his Assistant District Attorney of Dallas County, Texas, in the above entitled

and numbered cause and respectfully requests the Court to allow the State to withdraw its Motion to Revoke Probation filed herein.

This the 30 day of January, 1978.

HENRY WADE
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

BY/s/Ida Petts
Assistant District Attorney
Dallas County, Texas

O R D E R

State's Motion to Withdraw its Motion to Revoke Probation is granted and the Defendant is (discharged from the conditions of probation heretofore imposed.) (released from custody, but continues to be subject to the terms and conditions of the probation heretofore imposed.)

/s/ JAMES B. ZIMMERMANN
JUDGE

COURT
NO._____ OF DALLAS COUNTY, TEXAS

14

---

Appellant contends that since the court's order failed to strike out the conflicting terms set forth in parenthesis this court should construe the order as ordering appellant's discharge. This we refuse to do. The case authority submitted by appellant in his brief is inapposite. We know of no authority supporting appellant's contention. The order complained of is an ambiguous order. Generally, an ambiguous order may be construed in light of the motion on which it was granted. *Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402, 404 (Tex. 1971). Since the only relief sought by the motion was for the court to allow the State to withdraw its previously filed motion to revoke probation we construe the order to grant only the relief requested. The record shows that appellant considered himself to be subject to the terms and conditions of his probation at the time the State filed the motion which resulted in the revocation of his probation. This is demonstrated by appellant's failure to claim discharge as a defense to the motion to revoke probation at the hearing before the trial court. We hold that the trial court did not abuse its discretion when it revoked appellant's probation. We affirm the judgment of the trial court.