**Rick Louis MAI, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–05–020–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 9, 2006.

---

**5.** *See, e.g., O'Neal v. State,* 746 S.W.2d 769,     771 (Tex.Crim.App.1988).

Peter Gilfeather and Randy S. Myers, Fort Worth, for appellant.

Greg Lowery, Co. Atty. and Samuel C. Bishop, Decatur, for appellee.

PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Appellant Rick Louis Mai appeals his misdemeanor conviction for resisting arrest. After a jury convicted Appellant, the trial court imposed a $4,000 fine and sentenced him to one year in jail. The trial court suspended his sentence and placed him on community supervision for two years. In three points, Appellant complains that the trial court committed reversible error by excluding evidence of prior acts of violence and aggression by the officer who arrested him and evidence concerning the investigation by the Texas Rangers into the incident in question, and by admitting into evidence an officer's recitation of the notes he had made about the

case on the evening before his testimony. In his fourth point, Appellant contends that the conviction is void because the county attorney participated in the trial after a special prosecutor had been appointed. We affirm.

## FACTUAL BACKGROUND

Officer Rex Richie was dispatched to a country club where five large brush fires were burning to determine who was responsible for the fires, and Appellant informed Officer Richie that he had started the fires. Officer Richie explained to Appellant that the fire department was going to extinguish the fires because they posed a threat to a nearby house. Officer Richie testified that Appellant then became argumentative and yelled expletives at him as he left the country club.

As Officer Richie approached his patrol car, Appellant again yelled expletives at him, so Officer Richie turned on the video camera in his patrol car. At this point, Appellant was standing next to the patrol car, and he requested that Officer Richie go back inside the country club, but Officer Richie refused and attempted to place Appellant in handcuffs. An altercation ensued, and Officer Richie sprayed pepper spray into Appellant's face. Appellant was able to take the pepper spray from Officer Richie and sprayed him twice in the face. Appellant was charged by information with resisting arrest. At trial, Appellant claimed that he sprayed Officer Richie in self-defense. The trial court granted a motion in limine regarding past acts of violence or aggressive behavior by Officer Richie.

## APPOINTMENT OF THE SPECIAL PROSECUTOR

■ Because Appellant asserts in his fourth point that his conviction is void, we will address this contention first. Appel-

lant complains that his conviction is void because the county attorney participated in the trial after a special prosecutor had been appointed as the prosecuting attorney for his trial. The State contends that the appointment of a special prosecutor does not disqualify a county attorney from participating in the case.

■ Article 2.07 of the code of criminal procedure addresses when the trial court may appoint an attorney to perform the duties of the county attorney. *See* TEX.CODE CRIM. PROC. ANN. art. 2.07 (Vernon 2005). This might arise if the attorney for the state is absent from the district, disqualified, recused, or for any other reason unable to perform the duties of the office. *Id.* art. 2.07(a), (b–1). In any of these events, the trial court may appoint any competent attorney to perform the duties of the position. *Id.* art. 2.07(a). If the appointed attorney is not an attorney for the State, he or she must file an oath with the clerk. *Id.* art. 2.07(c). The appointed attorney is called an "attorney pro tem." *Stephens v. State*, 978 S.W.2d 728, 731 (Tex.App.-Austin 1998, pet. ref'd). An attorney pro tem is distinguished from a "special prosecutor" who is an attorney, not a part of the district attorney's staff, and is enlisted to assist the district attorney in a particular case. *Id.; State v. Rosenbaum*, 852 S.W.2d 525, 529 (Tex. Crim.App.1993) (Clinton, J., concurring). The district attorney need not be absent, disqualified, recused, or otherwise unable to perform, and approval by the trial court of the special prosecutor is not required. *Stephens*, 978 S.W.2d at 731. When a special prosecutor is appointed, the district attorney remains primarily responsible for the prosecution, control, and management of the case. *Id.*

■ In the present case, the order appointing Sam Bishop was entitled "Order of Appointment of Attorney Pro Tem" and

stated that, pursuant to Texas Code of Criminal Procedure article 2.07, Bishop was appointed Special Prosecutor to perform the duties of Wise County Attorney for the investigation and prosecution of the present case. The order was conclusory, merely stating that it came to the court's attention that a special prosecutor was necessary to prosecute the misdemeanor charges against Appellant; therefore, the record does not reflect the trial court's purpose for appointing Bishop. The trial court's order refers to Bishop as a "special prosecutor" and also refers to code of criminal procedure article 2.07, relating to the appointment of an attorney pro tem; thus, the court's order is ambiguous. In construing an ambiguous order, the complete record may be considered. *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 405 (Tex.1971); *Cooper v. State*, 655 S.W.2d 345, 347 (Tex.App.-Dallas 1983, no pet.). The record does not contain a request for the appointment of either a special prosecutor or an attorney pro tem. During voir dire, however, the county attorney stated that "when this case was first set for trial, I did not have an assistant attorney so the Court appointed Mr. Bishop to help me. That's why he's here today." Appellant never objected to this statement.

The record does not establish that the county attorney was disqualified in this case, was absent from his district, or was otherwise unable to perform the duties of his office. Furthermore, there is no finding in the court's order and the record does not show that the county attorney, although not disqualified to act, for good cause shown was permitted by the court to recuse himself from the prosecution of this case. None of the requirements for the appointment of an attorney pro tem under Article 2.07 are found in the court's order or in the record. Thus, we hold that Bishop was appointed as a special prosecutor,

rather than an attorney pro tem. Therefore, the trial court did not err in allowing the county attorney to participate in Appellant's trial. Accordingly, we overrule Appellant's fourth point.

## EVIDENTIARY POINTS

■■■ Appellant's remaining points concern evidentiary rulings. We review a trial court's ruling to admit or exclude evidence under an abuse of discretion standard. *Rankin v. State*, 974 S.W.2d 707, 718 (Tex.Crim.App.1996) (op. on reh'g); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1991) (op. on reh'g). If the court's decision falls outside the "zone of reasonable disagreement," it has abused its discretion. *Rankin*, 974 S.W.2d at 718; *Montgomery*, 810 S.W.2d at 391.

### 1. Prior Acts of Violence by the Arresting Officer

In his first point, Appellant complains that the trial court erred in excluding evidence of prior acts of violence and aggression of Officer Richie. Appellant made an offer of proof regarding four potential witnesses. Appellant intended to call Curtis Wilson, the former Chief of Police for Bridgeport, to testify that Officer Richie "established a pattern of unprofessional behavior while working at the City of Bridgeport, that there were several complaints from the citizens throughout the City of Bridgeport, [and] that [Officer] Richie was said to be threatening, [and was] not flexible with people." Furthermore, Appellant intended to question Wilson about Officer Richie's specific acts of violating departmental policies, a complaint for threatening to throw somebody in jail, and his pounding on a jail cell with his fists. Wilson would further testify that Officer Richie was terminated, but was allowed to retire on the same day and withdraw the termination notice. Appel-

lant would also have called Martha Nivens, a sheriff deputy, to testify that she yelled at Officer Richie to quit when he exhibited this combative behavior in banging on the jail cell.

Additionally, Appellant would have called Trula Verner, a deputy with the Wise County Sheriff's Department, to testify to Officer Richie's aggressive behavior. Finally, Appellant would have called Sergeant Stanford to testify regarding an incident where Officer Richie and an inmate became involved in name-calling, and Officer Richie walked to the jail cell and started physically beating on the glass.

■ Appellant informed the trial court that he intended to use the testimony of these four potential witnesses "to prove that Officer Richie has a past history of being threatening, combative, [and] trying to pick fights and that he was terminated from his employment for that behavior." Appellant later stated that he had a list of twenty-five people who had given affidavits and would testify as to Officer Richie's reputation.[1] The trial court granted the State's motion in limine as to the evidence of past specific acts of violence or aggression or aggressive behavior by Officer Richie. Appellant testified that he acted in self-defense because Officer Richie was demanding and arrogant, and he jumped on Appellant's back and pulled hair from his head as Appellant was attempting to leave, forcing him to the ground.

■ Rule 404(b) provides for the admissibility of specific bad acts only to the extent that they are relevant for a purpose other than to show character conformity. Tex.R. Evid. 404(b). Because a victim's unambiguous, violent or aggressive act needs no explaining, evidence of the victim's extraneous conduct admitted in conjunction with his unambiguous act would have no relevance apart from its tendency to prove the victim's character conformity, and thus would be inadmissible. Tex.R. Evid. 404(b); *Reyna v. State*, 99 S.W.3d 344, 347 (Tex.App.-Fort Worth 2003, pet. ref'd). Therefore, before an extraneous act of the complainant will be admissible to support a claim of self-defense two conditions must exist: 1) some ambiguous or uncertain evidence of a violent or aggressive act by the complainant must exist that tends to show that the complainant was the first aggressor; and 2) the proffered evidence must tend to dispel the ambiguity or explain the complainant's conduct. *Reyna*, 99 S.W.3d at 347 (finding that the complainant's conduct of allegedly flashing his gun at the appellant and of allegedly shooting the appellant first are unambiguous acts of aggression and violence that need no explanation).

■ In the present case, Appellant asserted that he acted in self-defense because Officer Richie jumped on his back and pulled his hair out. Because of the unambiguous nature of Officer Richie's alleged conduct, neither the first nor the second condition precedent is met. *See Reyna*, 99 S.W.3d at 347. We hold that the proffered testimony does nothing more than show character conformity, and therefore, the trial court did not abuse its discretion in refusing to admit the character evidence. *See* Tex.R. Evid. 404(b); *Reyna*, 99 S.W.3d at 347. Accordingly, we overrule Appellant's first point.

---

1. During oral argument before this court, Appellant acknowledged that he had not made an offer of proof as to witnesses other than the four discussed above. We note that absent a showing in the record of what the testimony of these other witnesses would have been, nothing is preserved for review regarding their proposed testimony. *See Stewart v. State*, 686 S.W.2d 118, 122 (Tex.Crim.App. 1984), *cert. denied*, 474 U.S. 866, 106 S.Ct. 190, 88 L.Ed.2d 159 (1985).

### 2. Investigation of the Arresting Officer

In his second point, Appellant contends that the trial court committed reversible error by excluding evidence concerning the investigation by the Texas Rangers into this case. The District Attorney's Office requested that Texas Ranger Dewayne Dockery investigate charges of official oppression against Officer Richie and aggravated assault of a police officer against Appellant. The District Attorney then presented evidence before a grand jury for its determination. No arrests were made as a result of the grand jury's investigation; the grand jury returned a no-bill on both charges.

The State contends that Appellant failed to preserve error regarding the results of the investigation that Appellant believed were admissible. To preserve error, the substance of the excluded evidence must be shown by offer of proof unless it is apparent from the context of the questions asked. Tex.R. Evid. 103(a)(2); Tex.R.App. P. 33.2; *Chambers v. State*, 866 S.W.2d 9, 27 (Tex.Crim.App.1993), *cert. denied*, 511 U.S. 1100, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994); *Fairow v. State*, 943 S.W.2d 895, 897 n. 2 (Tex.Crim.App.1997). Error may be preserved by an offer of proof in question and answer form or in the form of a concise statement by counsel. Tex.R. Evid. 103(b); *Love v. State*, 861 S.W.2d 899, 901 (Tex.Crim.App.1993). Counsel's concise statement must include a summary of the proposed testimony. *Love*, 861 S.W.2d at 901. Error is not preserved if the offer of proof is inadequate. *Warner v. State*, 969 S.W.2d 1, 2 (Tex.Crim.App. 1998).

#### a. Officer Richie

Appellant stated that he intended on asking Officer Richie whether there was "a criminal investigation conducted by the Texas Rangers as to his criminal activity in this incident." We conclude that Appellant preserved error on this question because he specifically informed the trial court of the question he intended to ask and it is apparent that Officer Richie's answer to this question would be "yes" because the parties and the trial court were well aware that an investigation into Officer Richie's conduct on the night in question had occurred. *See* Tex.R. Evid. 103(a)(2).

The trial court did not allow Appellant to ask Officer Richie whether there was a criminal investigation conducted by the Texas Rangers as to his criminal activity in this incident because it determined that the question was not relevant. The trial court concluded that Appellant could cross-examine Officer Richie as to statements he made during Ranger Dockery's investigation that were inconsistent with his testimony at trial. The trial court determined that Appellant could not go into other matters concerning the investigation generally.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex.R. Evid. 401. We determine that the trial court's ruling in this regard is proper because the questions involving prior inconsistent statements would be relevant for impeachment purposes. We also agree with the trial court's determination that the fact that Officer Richie was investigated by the Texas Rangers was not relevant to the determination of Appellant's guilt. The fact that Officer Richie was investigated regarding his conduct on the evening in question has no tendency to make it more or less probable that Appellant in fact resisted arrest. Therefore, we hold that the trial court did not abuse its

discretion in refusing to allow Appellant to ask Officer Richie whether there was a criminal investigation conducted by the Texas Rangers as to his criminal activity in this incident.

### b. Ranger Dockery

■ Appellant stated that he believed that if Ranger Dockery was called to the stand, it would be unfair for the State to question him regarding only a portion of what he did, and instead the jury should be entitled to know why he was hired, what he investigated, and the results of his investigation, including the facts that Officer Richie had an attorney to represent him and that he was accused of criminal conduct. The trial court precluded Appellant from pursuing this line of questioning because it determined that the probative value of the investigation was substantially outweighed by the risk of unfair prejudice in presenting the evidence. *See* TEX.R. EVID. 403. The record is not sufficient for us to determine that the trial court abused its discretion in precluding testimony and evidence regarding the investigation by Ranger Dockery into the incident. The nature and results of the investigation are not apparent from the record because Appellant never made an adequate offer of proof; therefore, there is nothing on the record to enable us to evaluate the propriety of the trial court's ruling. *See Warner*, 969 S.W.2d at 2. We overrule Appellant's second point.

### 3. Videotape Transcript

■ In his third point, Appellant contends that the trial court committed reversible error in allowing Officer Richie to read into the record notes he had made about the events on the evening prior to giving testimony. The night before he testified, Officer Richie and the prosecutor viewed the videotape and Officer Richie told the prosecutor what was said on the videotape and typed a transcript of the videotape.

■ To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX.R.APP. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex.Crim.App.1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070, 119 S.Ct. 1466, 143 L.Ed.2d 550 (1999). An objection must be made as soon as the basis for the objection becomes apparent. TEX.R. EVID. 103(a)(1); *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex.Crim.App.), *cert. denied*, 522 U.S. 917, 118 S.Ct. 305, 139 L.Ed.2d 235 (1997); *Polk v. State*, 729 S.W.2d 749, 753 (Tex.Crim.App.1987). To preserve error, a party must continue to object each time the objectionable evidence is offered. *Fuentes v. State*, 991 S.W.2d 267, 273 (Tex.Crim.App.), *cert. denied*, 528 U.S. 1026, 120 S.Ct. 541, 145 L.Ed.2d 420 (1999); *Ethington v. State*, 819 S.W.2d 854, 858–59 (Tex.Crim.App.1991). A trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Leday v. State*, 983 S.W.2d 713, 718 (Tex.Crim.App.1998).

According to the record, the prosecutor first asked Officer Richie to read the first thing that Appellant said on the tape from the transcript. Officer Richie then read from the transcript, "Fuck head, come on in here." That statement had been admitted earlier. Additionally, Appellant did not object to the testimony until after Officer Richie had read that line. Appellant objected to Officer Richie's reading from the transcript because it was drawn up more than two years after the event. The

trial court overruled Appellant's objection. After the ruling, the prosecutor did not ask Officer Richie to read from or refer to the transcript again until after defense counsel asked Officer Richie to read from or refer to it on cross-examination. Appellant voiced no other objections to the State's questions referring to the transcript on redirect, and the record does not reflect that he requested a running objection. We hold that Appellant failed to preserve error based on this objection by both untimely making the objection and then by not repeating the objection again each time the State asked Officer Richie to read from or refer to the transcript. *See* TEX.R. EVID. 103(a)(1); *Fuentes*, 991 S.W.2d at 273. Accordingly, we overrule Appellant's third point.

### CONCLUSION

Having overruled Appellant's four points, we affirm the judgment of the trial court.