COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-020-CR

 

 

RICK LOUIS MAI                                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE COUNTY COURT AT LAW OF WISE COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








Appellant Rick Louis Mai
appeals his misdemeanor conviction for resisting arrest.  After a jury convicted Appellant, the trial court
imposed a $4,000 fine and sentenced him to one year in jail.  The trial court suspended his sentence and
placed him on community supervision for two years.  In three points, Appellant complains that the
trial court committed reversible error by excluding evidence of prior acts of
violence and aggression by the officer who arrested him and evidence concerning
the investigation by the Texas Rangers into the incident in question, and by
admitting into evidence an officer=s recitation of the notes he had made about the case on the evening
before his testimony.  In his fourth
point, Appellant contends that the conviction is void because the county
attorney participated in the trial after a special prosecutor had been appointed.  We affirm. 

FACTUAL BACKGROUND

Officer Rex Richie was
dispatched to a country club where five large brush fires were burning to
determine who was responsible for the fires, and Appellant informed Officer
Richie that he had started the fires. 
Officer Richie explained to Appellant that the fire department was going
to extinguish the fires because they posed a threat to a nearby house.  Officer Richie testified that Appellant then
became argumentative and yelled expletives at him as he left the country club. 








As Officer Richie approached
his patrol car, Appellant again yelled expletives at him, so Officer Richie
turned on the video camera in his patrol car. At this point, Appellant was
standing next to the patrol car, and he requested that Officer Richie go back
inside the country club, but Officer Richie refused and attempted to place
Appellant in handcuffs.  An altercation
ensued, and  Officer Richie sprayed
pepper spray into Appellant=s face.  Appellant was able to
take the pepper spray from Officer Richie and sprayed him twice in the face.
Appellant was charged by information with resisting arrest.  At trial, Appellant claimed that he sprayed
Officer Richie in self-defense.  The
trial court granted a motion in limine regarding past acts of violence or
aggressive behavior by Officer Richie.

APPOINTMENT OF THE SPECIAL
PROSECUTOR

Because Appellant asserts in
his fourth point that his conviction is void, we will address this contention
first.  Appellant complains that his conviction
is void because the county attorney participated in the trial after a special
prosecutor had been appointed as the prosecuting attorney for his trial.  The State contends that the appointment of a
special prosecutor does not disqualify a county attorney from participating in
the case. 








Article 2.07 of the code of
criminal procedure addresses when the trial court may appoint an attorney to
perform the duties of the county attorney. 
See Tex. Code Crim. Proc.
Ann. art. 2.07 (Vernon 2005). 
This might arise if the attorney for the state is absent from the
district, disqualified, recused, or for any other reason unable to perform the
duties of the office.  Id. art.
2.07(a), (b‑1).  In any of these
events, the trial court may appoint any competent attorney to perform the
duties of the position.  Id. art.
2.07(a).  If the appointed attorney is
not an attorney for the State, he or she must file an oath with the clerk.  Id. art. 2.07(c).  The appointed attorney is called an Aattorney pro tem.@  Stephens v. State, 978
S.W.2d 728, 731 (Tex. App.CAustin 1998, pet. ref'd).  An
attorney pro tem is distinguished from a Aspecial prosecutor@ who is an attorney, not a part of the district attorney=s staff, and is enlisted to assist the district attorney in a
particular case.  Id.; State v.
Rosenbaum, 852 S.W.2d 525, 529 (Tex. Crim. App. 1993) (Clinton, J.,
concurring).  The district attorney need
not be absent, disqualified, recused, or otherwise unable to perform, and approval
by the trial court of the special prosecutor is not required.  Stephens, 978 S.W.2d at 731.  When a special prosecutor is appointed, the
district attorney remains primarily responsible for the prosecution, control,
and management of the case.  Id. 








In the present case, the
order appointing Sam Bishop was entitled AOrder of Appointment of Attorney Pro Tem@ and stated that, pursuant to Texas Code of Criminal Procedure article
2.07, Bishop was appointed Special Prosecutor to perform the duties of Wise
County Attorney for the investigation and prosecution of the present case.  The order was conclusory, merely stating that
it came to the court=s attention
that a special prosecutor was necessary to prosecute the misdemeanor charges
against Appellant; therefore, the record does not reflect the trial court=s purpose for appointing Bishop. 
The trial court=s order
refers to Bishop as a Aspecial
prosecutor@ and also
refers to code of criminal procedure article 2.07, relating to the appointment
of an attorney pro tem; thus, the court=s order is ambiguous.  In
construing an ambiguous order, the complete record may be considered.   Lone Star Cement Corp. v. Fair, 467 S.W.2d
402, 405 (Tex. 1971); Cooper v. State, 655 S.W.2d 345, 347 (Tex. App.CDallas 1983, no pet.).  The
record does not contain a request for the appointment of either a special
prosecutor or an attorney pro tem. 
During voir dire, however, the county attorney stated that Awhen this case was first set for trial, I did not have an assistant
attorney so the Court appointed Mr. Bishop to help me.  That=s why he=s here
today.@  Appellant never objected to
this statement. 








The record does not establish
that the county attorney was disqualified in this case, was absent from his
district, or was otherwise unable to perform the duties of his office.  Furthermore, there is no finding in the court=s order and the record does not show that the county attorney,
although not disqualified to act, for good cause shown was permitted by the
court to recuse himself from the prosecution of this case.  None of the requirements for the appointment
of an attorney pro tem under Article 2.07 are found in the court=s order or in the record.  Thus,
we hold that Bishop was appointed as a special prosecutor, rather than an
attorney pro tem.  Therefore, the trial
court did not err in allowing the county attorney to participate in Appellant=s trial. Accordingly, we overrule Appellant=s fourth point.

EVIDENTIARY POINTS

Appellant=s remaining points concern evidentiary rulings.  We review a trial court=s ruling to admit or exclude evidence under an abuse of discretion
standard.  Rankin v. State, 974
S.W.2d 707, 718 (Tex. Crim. App. 1996) (op. on reh=g); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (op. on reh=g).  If the court=s decision falls outside the Azone of reasonable disagreement,@ it has abused its discretion.  Rankin,
974 S.W.2d at 718; Montgomery, 810 S.W.2d at 391.

1. Prior Acts of Violence by
the Arresting Officer








In his first point, Appellant
complains that the trial court erred in excluding evidence of prior acts of
violence and aggression of Officer Richie. Appellant made an offer of proof
regarding four potential witnesses. 
Appellant intended to call Curtis Wilson, the former Chief of Police for
Bridgeport, to testify that Officer Richie Aestablished a pattern of unprofessional behavior while working at the
City of Bridgeport, that there were several complaints from the citizens
throughout the City of Bridgeport, [and] that [Officer] Richie was said to be
threatening, [and was] not flexible with people.@  Furthermore, Appellant
intended to question Wilson about Officer Richie=s specific acts of violating departmental policies, a complaint for
threatening to throw somebody in jail, and his pounding on a jail cell with his
fists.  Wilson would further testify that
Officer Richie was terminated, but was allowed to retire on the same day and
withdraw the termination notice. 
Appellant would also have called Martha Nivens, a sheriff deputy, to
testify that she yelled at Officer Richie to quit when he exhibited this
combative behavior in banging on the jail cell. 

Additionally, Appellant would
have called Trula Verner, a deputy with the Wise County Sheriff=s Department, to testify to Officer Richie=s aggressive behavior.  Finally,
Appellant would have called Sergeant Stanford to testify regarding an incident
where Officer Richie and an inmate became involved in name-calling, and Officer
Richie walked to the jail cell and started physically beating on the glass. 








Appellant informed the trial
court that he intended to use the testimony of these four potential witnesses Ato prove that Officer Richie has a past history of being threatening,
combative, [and] trying to pick fights and that he was terminated from his
employment for that behavior.@  Appellant later stated that he
had a list of twenty-five people who had given affidavits and would testify as
to Officer Richie=s
reputation.[1]  The trial court granted the State=s motion in limine as to the evidence of past specific acts of
violence or aggression or aggressive behavior by Officer Richie.  Appellant testified that he acted in
self-defense because Officer Richie was demanding and arrogant, and he jumped
on Appellant=s back and
pulled hair from his head as Appellant was attempting to leave, forcing him to
the ground. 








Rule 404(b) provides for the
admissibility of specific bad acts only to the extent that they are relevant
for a purpose other than to show character conformity.  Tex.
R. Evid. 404(b).  Because a victim=s unambiguous, violent or aggressive act needs no explaining, evidence
of the victim=s extraneous
conduct admitted in conjunction with his unambiguous act would have no
relevance apart from its tendency to prove the victim=s character conformity, and thus would be inadmissible.  Tex.
R. Evid. 404(b); Reyna v. State, 99 S.W.3d 344, 347 (Tex. App.CFort Worth 2003, pet. ref=d).  Therefore,  before an extraneous act of the
complainant  will be admissible to
support a claim of self‑defense two conditions must exist:  1) some ambiguous or uncertain evidence of a
violent or aggressive act by the complainant must exist that tends to show that
the complainant was the first aggressor; and 2) the proffered evidence must
tend to dispel the ambiguity or explain the complainant=s conduct.  Reyna, 99
S.W.3d at 347 (finding that the complainant=s conduct of allegedly flashing his gun at the appellant and of allegedly
shooting the appellant first are unambiguous acts of aggression and violence
that need no explanation).

In the present case,
Appellant asserted that he acted in self-defense because Officer Richie jumped
on his back and pulled his hair out. 
Because of the unambiguous nature of Officer Richie=s alleged conduct, neither the first nor the second condition
precedent is met.  See Reyna, 99
S.W.3d at 347.  We hold that the
proffered testimony does nothing more than show character conformity, and
therefore, the trial court did not abuse its discretion in refusing to admit
the character evidence.  See Tex. R. Evid. 404(b); Reyna, 99
S.W.3d at 347.  Accordingly, we overrule
Appellant=s first
point.

2. Investigation of the
Arresting Officer








In his second point,
Appellant contends that the trial court committed reversible error by excluding
evidence concerning the investigation by the Texas Rangers into this case.  The District Attorney=s Office requested that Texas Ranger Dewayne Dockery investigate
charges of official oppression against Officer Richie and aggravated assault of
a police officer against Appellant.  The
District Attorney then presented evidence before a grand jury for its
determination.  No arrests were made as a
result of the grand jury=s
investigation; the grand jury returned a no-bill on both charges. 

The State contends that
Appellant failed to preserve error regarding the results of the investigation
that Appellant believed were admissible. To preserve error, the substance of
the excluded evidence must be shown by offer of proof unless it is apparent
from the context of the questions asked. 
Tex. R. Evid. 103(a)(2);
Tex. R. App. P. 33.2; Chambers v. State, 866 S.W.2d 9, 27 (Tex. Crim.
App. 1993), cert. denied, 511 U. S. 1100 (1994); Fairow v. State,
943 S.W.2d 895, 897 n.2 (Tex. Crim. App. 1997). 
Error may be preserved by an offer of proof in question and answer form
or in the form of a concise statement by counsel.  Tex.
R. Evid. 103(b); Love v. State, 861 S.W.2d 899, 901 (Tex. Crim.
App. 1993).  Counsel=s concise statement must include a summary of the proposed
testimony.  Love, 861 S.W.2d at
901.  Error is not preserved if the offer
of proof is inadequate.  Warner v.
State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998).

a. Officer Richie








Appellant stated that he
intended on asking Officer Richie whether there was Aa criminal investigation conducted by the Texas Rangers as to his
criminal activity in this incident.@  We conclude that Appellant
preserved error on this question because he specifically informed the trial
court of the question he intended to ask and it is apparent that Officer Richie=s answer to this question would be Ayes@ because the
parties and the trial court were well aware that an investigation into Officer
Richie=s conduct on the night in question had occurred.  See Tex.
R. Evid. 103(a)(2).








The trial court did not allow
Appellant to ask Officer Richie whether there was a criminal investigation
conducted by the Texas Rangers as to his criminal activity in this incident
because it determined that the question was not relevant.  The trial court concluded that Appellant
could cross-examine Officer Richie as to statements he made during Ranger
Dockery=s investigation that were inconsistent with his testimony at
trial.  The trial court determined that
Appellant could not go into other matters concerning the investigation
generally.        Relevant evidence is
evidence having any tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable
than it would be without the evidence.  Tex. R. Evid. 401.  We determine that the trial court=s ruling in this regard is proper because the questions involving
prior inconsistent statements would be relevant for impeachment purposes.  We also agree with the trial court=s determination that the fact that Officer Richie was investigated by
the Texas Rangers was not relevant to the determination of Appellant=s guilt.  The fact that Officer
Richie was investigated regarding his conduct on the evening in question has no
tendency to make it more or less probable that Appellant in fact resisted
arrest.  Therefore, we hold that the
trial court did not abuse its discretion in refusing to allow Appellant to ask
Officer Richie whether  there was a
criminal investigation conducted by the Texas Rangers as to his criminal
activity in this incident.

b.  Ranger Dockery

Appellant stated that he
believed that if Ranger Dockery was called to the stand, it would be unfair for
the State to question him regarding only a portion of what he did, and instead
the jury should be entitled to know why he was hired, what he investigated, and
the results of his investigation, including the facts that Officer Richie had
an attorney to represent him and that he was accused of criminal conduct.  The trial court precluded Appellant from
pursuing this line of questioning because it determined that the probative
value of the investigation was substantially outweighed by the risk of unfair
prejudice in presenting the evidence.  See
Tex. R. Evid. 403.  The record is not sufficient for us to
determine that the trial court abused its discretion in precluding testimony
and evidence regarding the investigation by Ranger Dockery into the
incident.  The nature and results of the
investigation are not apparent from the record because Appellant never made an
adequate offer of proof; therefore, there is nothing on the record to enable us
to evaluate the propriety of the trial court=s ruling.  See Warner,  969 S.W.2d at 2.  We overrule Appellant=s second point.








 

3. Videotape Transcript

In his third point, Appellant
contends that the trial court committed reversible error in allowing Officer
Richie to read into the record notes he had made about the events on the
evening prior to giving testimony. The night before he testified, Officer
Richie and the prosecutor viewed the videotape and Officer Richie told the
prosecutor what was said on the videotape and typed a transcript of the
videotape. 








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  An objection must be made as
soon as the basis for the objection becomes apparent.  Tex.
R. Evid. 103(a)(1); Lagrone v. State, 942 S.W.2d 602, 618 (Tex.
Crim. App.), cert. denied, 522 U.S. 917 (1997); Polk v. State,
729 S.W.2d 749, 753 (Tex. Crim. App. 1987).  To preserve error, a party must continue
to object each time the objectionable evidence is offered.  Fuentes v. State, 991 S.W.2d 267, 273
(Tex. Crim. App.), cert. denied, 528 U.S. 1026 (1999); Ethington v.
State, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court=s erroneous
admission of evidence will not require reversal when other such evidence  was received without objection, either before
or after the complained-of ruling.  Leday
v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).

According to the record, the
prosecutor first asked Officer Richie to read the first thing that Appellant
said on the tape from the transcript. 
Officer Richie  then read from the
transcript, AFuck head,
come on in here.@  That statement had been admitted
earlier.  Additionally, Appellant did not
object to the testimony until after Officer Richie had read that line.  Appellant objected to Officer Richie=s reading from the transcript because it was drawn up more than two
years after the event.  The trial court
overruled Appellant=s
objection.  After the ruling, the
prosecutor did not ask Officer Richie to read from or refer to the transcript
again until after defense counsel asked Officer Richie to read from or refer to
it on cross-examination.  Appellant
voiced no other objections to the State=s questions referring to the transcript on redirect, and the record
does not reflect that he requested a running objection.  We hold that Appellant failed to preserve
error based on this objection by both untimely making the objection and then by
not repeating the objection again each time the State asked Officer Richie to
read from or refer to the transcript.  See Tex.
R. Evid. 103(a)(1); Fuentes, 991 S.W.2d at 273.  Accordingly, we overrule Appellant=s third point.








CONCLUSION

Having overruled Appellant=s four points, we affirm the judgment of the trial court.

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
A:  CAYCE, C.J.; LIVINGSTON and HOLMAN,
JJ.

 

PUBLISH

 

DELIVERED:
February 9, 2006











[1]
During oral argument before this court, Appellant acknowledged that he  had not made an offer of proof as to
witnesses other than the four discussed above. 
We note that absent a showing in the record of what the testimony of
these other witnesses would have been, nothing is preserved for review
regarding their proposed testimony.  See
Stewart v. State, 686 S.W.2d 118, 122 (Tex. Crim. App. 1984), cert.
denied, 474 U.S. 866 (1985).