**Opinion issued October 4, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00814-CR

———————————

## CHRISTOPHER CORDAWAY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Case No. MD-373589**

---

## MEMORANDUM OPINION

Christopher Cordaway appeals from his judgment of conviction for resisting arrest. He contends in a single issue that the trial court erred in excluding evidence that a chokehold applied by the arresting officer could have been fatal. Because Cordaway failed to preserve this issue for review, we affirm.

# BACKGROUND

Cordaway was tried for the misdemeanor offense of resisting arrest. *See* TEX. PENAL CODE § 38.03(a). A jury found him guilty and the trial court assessed his punishment at one year of confinement in the county jail.

At trial, the defense argued that Cordaway had acted in self-defense, because he resisted the arresting officer only after the officer used greater force than necessary to make the arrest, including a chokehold. *See* TEX. PENAL CODE § 9.31(c). In support of this defense, defense counsel questioned the arresting officer about his use of a chokehold to subdue Cordaway:

| | |
|---|---|
| Q. | Is that when you jumped on him and put him in the rear chokehold? |
| A. | No, ma'am. |
| Q. | So, what is a rear chokehold? Can you kind of describe that for us? |
| A. | So when you're on your back like that or on the front, it depends; you're on their back, and you've got your arm wrapped around their chest and neck area. |
| Q. | That could apply a dangerous amount of pressure to somebody's throat, could it not? |
| A. | It could. |
| Q. | In fact, are you familiar with the case in Harris County where somebody died as a result of a chokehold? |
| [State]: | Judge, I object to relevance. |
| [Court]: | Sustained. |
| Q. | That could be lethal if applied incorrectly; would you agree? |
| [State]: | Judge, again, relevance. |

[Court]: Sustained.

Q. Is there any danger of applying pressure in that—you just described—I'm sorry. For purposes of the record, you had his arm going from one shoulder to the other. Is there any danger, while in that chokehold, that it could impede somebody's airway?

A. Yes.

Q. Okay. And is it not true that while my client was in that chokehold, that he was yelling, Help me, help me?

A. I didn't hear him say that.

Q. And isn't it also true—

A. And he also wasn't in a chokehold.

Q. I'm sorry. I just asked. Let's start over, then.

A. Okay. Sorry.

Q. I just asked you what a rear chokehold was.

A. Uh-huh. I didn't have my arm directly across his neck the entire time.

Q. Okay. I think I wrote this down right. Let me check my work here. I heard on the video that you were telling the other officers, while laughing, that you jumped on his back and placed him in a rear choke; that's what I heard.

A. Yes, ma'am.

Q. So is that the same as a rear chokehold?

A. Yeah, same thing.

Q. Okay. And again, is that where you could possibly have your arm across somebody's neck?

A. Yes, ma'am.

Q. So by the physical nature of a chokehold, the name says it all, right?

A. Uh-huh.

Q.      It could choke somebody?

A.      Yes, it could.

Defense counsel recalled the arresting officer to the stand outside of the presence of the jury to make an offer of proof, but counsel did not question the officer further about chokeholds.

## DISCUSSION

Cordaway contends that the trial court erred in sustaining the State's second relevancy objection concerning the potential lethalness of chokeholds, which prevented him from further developing the defense that the officer used more force than necessary to arrest him. The State contends that Cordaway did not preserve this issue for review.

### A.     Applicable law

To preserve error as to the exclusion of evidence, a party must make an offer of proof that informs the trial court of the substance of the excluded evidence, unless its substance is apparent from context. TEX. R. EVID. 103(a); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009). A party may make the offer either by presenting testimony through question and answer or by stating a concise and reasonably specific summary of the evidence and the reasons for its relevance. *Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009). The offer serves two purposes: it gives a trial court the opportunity to reconsider its ruling in light of the

4

proffered evidence and it enables an appellate court to decide whether the exclusion of the evidence was erroneous and harmful. *Id.*

To preserve error when, as here, the excluded testimony does not concern a witness's character for truthfulness, the party must show that his cross-examination would have affirmatively established the facts sought. *See Holmes*, 323 S.W.3d at 170; *see also Mays*, 285 S.W.3d at 891 (offer must include "the meat of the actual evidence" rather than a general, cursory summary). In other words, the party's offer of proof must not only convey the question that counsel wished to ask, it must show that the witness would have given the desired answer. *See, e.g.*, *Roberts v. State*, 220 S.W.3d 521, 532 (Tex. Crim. App. 2007) (error not preserved because defendant did not make offer of proof as to what witness's testimony would have been).

## B.   Analysis

Cordaway's lawyer asked the arresting officer whether a chokehold could be lethal if incorrectly applied. The State objected on the ground of relevance, and the trial court sustained the objection. Cordaway did not make an offer of proof as to how the arresting officer would have answered defense counsel's question.

An offer of proof as to a witness's answer to a question is not necessary to preserve error if the surrounding context shows what his testimony would have been, such as when other portions of the record clarify how the witness would have answered. For example, in *Mai v. State*, 189 S.W.3d 316 (Tex. App.—Fort Worth

2006, pet. ref'd), defense counsel tried to ask a law enforcement officer whether there had been a criminal investigation of the officer's conduct but did not make an offer of proof as to the officer's anticipated answer after the trial court ruled that the investigation was irrelevant. *See id.* at 322. The court of appeals nonetheless held that any potential error in failing to allow this inquiry was preserved for review because the record showed that such an investigation had taken place and that the officer consequently could only have answered in the affirmative. *See id.*

The same cannot be said of the arresting officer's testimony here. On appeal, Cordaway simply assumes that the officer would have conceded the potential lethality of an incorrectly applied chokehold. The record, however, does not indicate how the officer would have answered. He conceivably could have answered in the affirmative. He also could have offered any number of more qualified responses, such as "yes, but subject to certain caveats," "possibly, depending on how the hold is applied," or "not under these circumstances, no." On this record, we can do no more than speculate as to what the officer would have said, which would be improper; we cannot speculate about his testimony and then find error based on our speculation. *See Duke v. State*, 365 S.W.3d 722, 726 (Tex. App.—Texarkana 2012, pet. ref'd). Without knowing how the arresting officer would have answered, we cannot assess whether the exclusion of his answer was erroneous or harmful, especially in light of his further testimony that a chokehold can be dangerous and

can impede breathing. *See Holmes*, 323 S.W.3d at 168; *see also Stewart v. State*, 686 S.W.2d 118, 122 (Tex. Crim. App. 1984) (court couldn't review merits of complaint about exclusion of evidence given that record did not show what witness's testimony would have been).

Accordingly, because Cordaway did not make an offer of proof as to how the arresting officer would have answered defense counsel's question and the officer's answer is not apparent from context, Cordaway has not preserved this issue for our review. *See Roberts*, 220 S.W.3d at 532; *see also Mims v. State*, 434 S.W.3d 265, 271–72 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (error not preserved as defendant did not make offer of proof as to how witnesses would have answered his lawyer's questions); *Watts v. State*, 371 S.W.3d 448, 462–64 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (error not preserved as defendant did not make offer of proof as to trooper's testimony and it was not apparent from context that trooper would have given testimony that defense counsel sought to elicit); *Garza v. State*, 846 S.W.2d 936, 939 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (error not preserved where defendant did not make offer of proof as to how officer would have answered question and officer's answer was not apparent from context).

# CONCLUSION

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).