

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00234-CR

TREACY O'BRIAN ROBBINS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 45,081-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Treacy O'Brian Robbins pled guilty to transporting motor fuel without possessing required shipping documents, a second-degree felony.[1] *See* TEX. TAX CODE ANN. § 162.004, §§ 162.403(31), 162.405(e) (Supp.). Pursuant to a plea agreement with the State, Robbins pled guilty to the offense, and the trial court placed him on deferred adjudication community supervision for five years. After finding that Robbins violated the terms and conditions of his deferred adjudication community supervision, the trial court sentenced him to twenty years' imprisonment.

On appeal, Robbins argues (1) that the trial court lacked jurisdiction because the indictment failed to allege a felony offense, (2) that the trial court erred by denying an oral motion for continuance at the adjudication hearing made for the purpose of challenging the indictment, and (3) that the trial court erred by overruling his conflict-of-interest objection. We find that the indictment alleged a felony, that Robbins failed to preserve his second point of error for our review, and that the trial court did not err by overruling Robbins's conflict-of-interest argument. Even so, we find that we must modify the trial court's judgment to correctly reflect the statute of offense and Robbins's plea of not true to the State's motion to adjudicate his guilt. As modified, we affirm the trial court's judgment.

I.      **Factual and Procedural Background**

The State's indictment in this case alleged two offenses: that Robbins "transport[ed] motor fuel for which a shipping document was required to be carried without possessing a

---

[1]The State also indicted Robbins for theft of property valued at $1,500.00 or more but less than $20,000.00.

shipping document containing the information required to be shown on said shipping document as required by Texas Tax Code Section 162.004" and theft of property that, at the time it was committed in 2014, constituted a state jail felony. *See* Act of May 29, 2011, 82d Leg., R.S., ch. 1234, § 21, 2011 Tex. Gen. Laws 3302, 3310 (amended 2015) (current version at TEX. PENAL CODE § 31.03 (Supp.)).

Pursuant to a charge bargain, the State abandoned the theft charge in exchange for Robbins's plea of guilty to transporting motor fuel without shipping documents. In March 2017, after receiving proper second-degree felony admonishments, Robbins pled guilty to transporting motor fuel without proper shipping documents, and the trial court placed him on deferred adjudication in accordance with the terms of his plea bargain. As a result, Robbins waived the right to appeal the order of deferred adjudication. *See* TEX. R. APP. P. 25.2.

The terms and conditions of Robbins's deferred adjudication community supervision required him to, among other things, refrain from committing a new offense, refrain from consuming alcohol, report to his community supervision officer (CSO) in person once a month, complete four hours of community service restitution per month, and notify his CSO of any contact with law enforcement within seventy-two hours.

In 2018, the State alleged that Robbins violated a condition of community supervision by failing to report to his CSO in February and March, among other things. As a result, the trial court modified Robbins's conditions of community supervision to include additional terms. In 2019, the State alleged that Robbins again violated the terms of his community supervision by committing family violence assault and filed a second motion to adjudicate Robbins's guilt. In

3

2021, the State amended its second motion and added allegations that Robbins committed theft of property, failed to notify his CSO of his arrest, and failed to complete community service restitution as ordered, among other things. By agreement, Robbins and the State resolved the second amended motion to adjudicate guilt by extending Robbins's deferred adjudication community supervision by one year.

In January 2022, the State filed a third motion to adjudicate Robbins's guilt on the grounds that he violated the terms and conditions of his community supervision by driving while intoxicated with an open container, failing to report his arrest to his CSO within seventy-two hours, and consuming alcohol. In November 2024, the State amended its third motion to include allegations that Robbins failed to report to his CSO and failed to complete community service restitution from January to December 2022, and January and February 2023, among other things. The trial court set the third amended motion to adjudicate guilt for a hearing on December 2, 2024.

In November 2024, John W. Moore, the District Attorney for Gregg County, moved to recuse himself and his office because he had represented Robbins from 2015 until 2018. The trial court recused Moore and appointed Billy Byrd as attorney pro tem. On November 26, Robbins filed a motion to continue the case for "not less tha[n] 10 days" since he had just retained new counsel to represent him with the trial court's permission, and the hearing on the State's motion was set for December 2. Robbins and the State resolved the motion for continuance by agreeing to reset the adjudication hearing for December 19, which gave Robbins's new counsel more than the requested ten-day preparation time.

4

Even so, at the December 19 hearing, Robbins made an oral motion for continuance on the ground that there was a deficiency in the original indictment. The trial court overruled the oral motion for continuance. Robbins pled not true to the State's allegations in the third amended motion to adjudicate guilt. The trial court heard evidence regarding Robbins's violations as alleged by the State and found them true. As a result, the trial court adjudicated Robbins's guilt and sentenced him to twenty years' imprisonment.

## II.     The Trial Court Had Jurisdiction Since the State's Indictment Alleged a Felony

In his first point of error, Robbins argues that the trial court lacked jurisdiction because the indictment failed to allege a felony. *See* TEX. CODE CRIM. PROC. ANN. art. 4.05. We disagree.

"[A] written instrument is an indictment or information under the Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective." *Mantooth v. State*, 269 S.W.3d 68, 72 (Tex. App.—Texarkana 2008, no pet.) (alteration in original) (quoting *Duron v. State*, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997)). "The presentment of a valid indictment vests the district court with jurisdiction of the cause." *Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018) (citing TEX. CONST. art. V, § 12(b)). "Even if an indictment has a substantive defect, it can still qualify as an indictment that vests a district court with jurisdiction." *Id.* In determining whether an indictment is constitutionally sufficient to vest the trial court with jurisdiction, we ask, "Can the district court and the defendant determine, from the face of the indictment, that the indictment intends to charge a felony or other offense for which a

district court has jurisdiction?" *Id.* at 899 (quoting *Teal v. State*, 230 S.W.3d 172, 181 (Tex. Crim. App. 2007)).

Here, the indictment alleged state-jail-felony theft, giving the trial court jurisdiction over the case. Also, the indictment alleged that Robbins transported motor fuel without a shipping document as required by Section 162.004 of the Texas Tax Code. That section states, "A person may not transport in this state any motor fuel by barge, vessel, railroad tank car, or transport vehicle unless the person has a shipping document for the motor fuel that complies with this section." TEX. TAX CODE ANN. § 162.004(a). Section 162.004(b) sets forth the requirements of a compliant shipping document. TEX. TAX CODE ANN. § 162.004(b). Section 162.403 describes the criminal offenses that can arise by violating Chapter 162 of the Texas Tax Code. TEX. TAX CODE ANN. § 162.403 (Supp.). As relevant here, Section 162.403(31) provides that a person who "transports motor fuel for which a cargo manifest or shipping document is required to be carried without possessing or exhibiting on demand by an officer authorized to make the demand a cargo manifest or shipping document containing the information required to be shown on the manifest or shipping document" commits a criminal offense. TEX. TAX CODE ANN. § 162.403(31). The grade of the offense is set by Section 162.405(e), which states that an offense under Section 162.403(31) "is a felony of the second degree." TEX. TAX CODE ANN. § 162.405(e).

Because the wording of the indictment established that the State was alleging a second-degree felony, the trial court had jurisdiction over the case.[2]  As a result, we overrule Robbins's first point of error.

### III.  Robbins Did Not Preserve a Complaint About the Denial of His Oral Motion for Continuance

Robbins had filed a written, general motion for continuance that was resolved by agreement.  At the adjudication hearing, he made a new oral motion to continue the case for purposes of filing a petition for a writ of habeas corpus because "the indictment fail[ed] to state a cause of action."  In his second point of error, Robbins argues that the trial court erred by denying his oral motion for continuance based on an alleged deficiency in the indictment.[3]

When a criminal defendant seeks a continuance, Article 29.03 of the Texas Code of Criminal Procedure requires a "written motion" providing "sufficient cause" that must "be fully set forth in the motion."  TEX. CODE CRIM. PROC. ANN. art. 29.03.  Also, "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance."  TEX. CODE CRIM. PROC. ANN. art. 29.08.  The Texas Court of Criminal Appeals has interpreted those statutes to mean that, "if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal."  *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (quoting *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009)).  In other words, "an

---

[2]To the extent that Robbins's brief can be read as asserting a legal sufficiency argument as to a violation of Section 162.403(31), we do not have jurisdiction to review the matter since he pled guilty to the offense pursuant to a plea bargain and was denied any right to appeal.  *See* TEX. R. APP. P. 25.2.

[3]Defects of substance or form were waived since Robbins did not object to the indictment before being placed on deferred adjudication community supervision.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.14.

unsworn oral motion [for continuance] preserves nothing for appeal." *Id.*; *see Anderson v. State*, 301 S.W.3d 276, 278–79 (Tex. Crim. App. 2009).

We find that Robbins's oral motion for continuance, which was unsworn, preserved nothing for our review. *See Blackshear*, 385 S.W.3d at 591. As a result, we will not "address the merits of that issue." *Id.* (quoting *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009)). Robbins's second point of error is overruled.

## IV. The Trial Court Did Not Err by Overruling Robbins's Conflict of Interest Argument

In his last point of error, Robbins argues that the trial court erred by overruling his objection, made after the State rested at the adjudication hearing, that there was a conflict of interest since Moore had previously represented Robbins in the case and his assistant district attorney had signed the third amended motion to adjudicate guilt on Moore's behalf.

"A district attorney may not represent the state in a criminal case in which the attorney has been, before the attorney's election, employed adversely to the state." TEX. CODE CRIM. PROC. ANN. art. 2A.105(a) (Supp.). "If a prosecuting attorney has formerly represented the defendant in the 'same' criminal matter as that currently being prosecuted, he is statutorily disqualified." *Landers v. State*, 256 S.W.3d 295, 304 (Tex. Crim. App. 2008) (quoting TEX. CODE CRIM. PROC. ANN. art. 2.01, which was in effect at the time of trial but has subsequently been repealed).

The remedy for either statutory disqualification or voluntary recusal is the appointment of an attorney pro tem. *See Coleman v. State*, 246 S.W.3d 76, 81–82 (Tex. Crim. App. 2008). "The attorney pro tem stands in the place of the regular attorney for the state and performs all the

duties the state attorney would have performed under the terms of the appointment." *Id.* at 82

(citing *State v. Lackey*, 35 Tex. 357, 358 (Tex. 1872)). "The attorney pro tem acts 'during the

absence or disqualification of the attorney for the state.'" *Id.* (quoting TEX. CODE CRIM. PROC.

ANN. art. 2.07(a), which was in effect at the time of trial but has subsequently been repealed).

Although Robbins argues that the trial court abused its discretion by overruling his

objection, we find no error in the trial court's decision to overrule Robbins's objection since

Moore and the district attorney's office recused, and the trial court appointed an attorney pro

tem. In sum, Robbins had already received the remedy to which he was entitled. As a result, we

overrule Robbins's last point of error.

## V.      We Modify the Judgment for Accuracy

"This Court has the power to correct and modify the judgment of the trial court for

accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531

S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v.

State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex.

App.—Dallas 1991, pet. ref'd) (en banc)). "The authority of an appellate court to reform

incorrect judgments is not dependent upon the request of any party, nor does it turn on the

question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813

S.W.2d at 529–30).

The reporter's record reflects that Robbins pled not true to the State's allegations in the

third amended motion to adjudicate guilt. Even so, the trial court's judgment mistakenly states

that Robbins pled true to the State's motion. As a result, we modify the trial court's judgment to properly reflect Robbins's plea.

Next, the record also reflects that Robbins's offense was a second-degree felony pursuant to Section 162.405(e) of the Texas Tax Code, as explained above. Even so, the trial court's judgment mistakenly reflects that the statute of offense was Section 162.405(f), which only applies if there are "three or more separate offenses . . . committed pursuant to one scheme or continuous course of conduct." TEX. TAX CODE ANN. § 162.405(f) (Supp.). Because Robbins was indicted for a single offense, which was a second-degree felony under subsection (e), subsection (f) does not apply. As a result, we modify the trial court's judgment to reflect the proper statute of offense.

## VI. Conclusion

We modify the trial court's judgment to reflect (1) that Robbins pled "NOT TRUE" to the allegations in the State's motion to adjudicate guilt and (2) that the statute of offense is Section 162.405(e) of the Texas Tax Code. As modified, we affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted: August 28, 2025
Date Decided: October 8, 2025

Do Not Publish

10